HOLMES
v.
SCHOFIELD.
*Thursday,*
*December* 1.

4b(a)171
156  169

---

HOLMES *v.* SCHOFIELD and Another.

Two persons made a written agreement, by which one of them agreed to sell to the other certain real estate. A part of the price was to be paid on a subsequent day, and notes were to be given for the payment of the residue in equal annual instalments. After all the payments should be made, the conveyance was to be executed. There was nothing said in the agreement respecting the possession of the premises. *Held*, that the legal inference from the contract was, that the possession was to be given when the deed should be executed.

APPEAL from the *Marion* Circuit Court.

*Thursday,*
*December* 1.

BLACKFORD, J.—This was an action of assumpsit brought by *Samuel W. Schofield* and *William T. Ball* against *William Holmes.* The case stated by the declaration is as follows:

On the 19th of *January,* 1835, the parties' entered into an agreement in writing, by which the defendant below agreed to sell to the plaintiffs certain real estate, for the sum of **1,800**

Nov. Term,
1836.

HOLMES
v.
SCHOFIELD.

dollars. The plaintiffs were to pay the defendant 400 dollars of the purchase-money by the 10th of *April*, 1835, and to give him for the balance four notes of 350 dollars each, payable annually. After all the payments should be made, the defendant was to give the plaintiffs a warranty deed for the property.

The plaintiffs, on the 10th of *April*, 1835, offered to pay the defendant the 400 dollars, and execute to him the notes as agreed on, if he would give them immediate possession of the premises. The defendant refused to receive the money and notes on the terms proposed.

Those are the material facts set out in the declaration.

To this action, the defendant pleaded the general issue.

The evidence, on the trial, showed the case to be substantially as the declaration states it. Verdict in favour of the plaintiffs for 500 dollars; motion for a new trial made by the defendant overruled; and judgment rendered on the verdict.

We are of opinion that neither the declaration nor the evidence, shows any cause of action. The tender of the 400 dollars and the notes, in *April*, 1835, was qualified by a demand of the possession of the property. The defendant was not bound to accept the money and the notes on the condition upon which they were tendered. There is no agreement, express or implied, in the writing declared on, that the defendant should deliver possession of the premises before the consideration-money was all paid. His agreement was, that if the plaintiffs should comply with their part of the contract, and pay the whole 1,800 dollars as agreed on, he would then make them a deed. The only legal inference from the contract is, that possession of the property was to be given when the deed should be made. If the plaintiffs were to have possession sooner, that should have been specially provided for in the contract. There is no breach of the defendant's contract shown, either in the declaration or by the evidence, and the judgment against him must be reversed.

*Per Curiam.*—The judgment is reversed, and the verdict set aside, with costs. Cause remanded, with leave to the appellees to amend their declaration, &c.

*H. Brown*, *C. Fletcher*, and *O. Butler*, for the appellant.
*J. Morrison*, for the appellees.