May Term,
1841.

STACKHOUSE
v.
DOE.

STACKHOUSE and Another *v.* DOE, on the Demise of REY-NOLDS and Another.

A person in possession of real estate under a contract of sale with *A.* the owner, is not liable to an action of ejectment by the lessee of a subsequent vendee of *A.*, without a demand of possession.

The omission to insert in a declaration in ejectment the name of the defendant who appears to the action instead of the casual ejector, cannot be assigned for error.

*Thursday,*
*June 3.*

ERROR to the *Tippecanoe* Circuit Court.

DEWEY, J.—Ejectment. Verdict and judgment for the plaintiff.

It appeared in evidence that on the 30th of *October*, 1837, one *Williams* made a contract to sell the premises in dispute to the defendants. The parties entered into articles of agreement by which it was stipulated, that the defendants should pay *Williams* 1,230 dollars for the land—400 dollars on the 1st of *May*, 1838—400 dollars on the 1st of *May*, 1839—and 430 dollars on the 1st of *May*, 1840,—for which sums payable as aforesaid they executed their notes. *Williams* agreed to convey the land upon payment of the note first due, and the defendants were to mortgage the premises to secure the payment of the other two notes. The defendants took possession of the land under the contract, and held it at the time of trial. In the mean time, they paid to *Williams* the first 400 dollars. After the payment, *Williams* conveyed the premises to the lessors of the plaintiff, and assigned to them the notes for the two last instalments of the purchase-money. There was no evidence that notice to quit had been given to the defendants, or that the possession had been demanded of them.

The defendants moved the Court to instruct the jury, that to entitle the plaintiff to recover, notice to quit or a demand of the possession of the premises must have been proved. The Court refused the instruction. This was erroneous. The precise principle here involved was decided by this Court in the case of *Taylor* v. *M'Crackin*, 2 Blackf. 260, in which it was held, that a person holding possession of land under a title-bond executed by the legal owner, is not liable

to be ejected by action, without a previous demand to give up the premises. The lessors of the plaintiff purchased the land in controversy of *Williams*, while the defendants were in possession under their contract with him, and they were bound to notice the rights of the defendants under that contract. They stand in the place of their grantor, and cannot put the defendants in the wrong, even at law, without a demand and refusal of the possession which the latter lawfully acquired.

*May Term, 1841.*

Another matter has been urged as error;—that the names of the defendants were not substituted in the declaration for the name of the casual ejector. There is no force in this objection. It is not now usual to deliver any other declaration than that served upon the tenant in possession. Adams on Eject. 262, note d. And, besides, our statute expressly enacts, that after issue joined in ejectment on the title only, no exception of form or substance shall be taken to the declaration. R. S. 1838, p. 452.

*Per Curiam.*—The judgment is reversed, and the verdict set aside, at the lessors' costs. Cause remanded, &c.

*W. M. Jenners* and *R. A. Chandler*, for the plaintiffs.
*J. Pettit*, for the defendant.