DOE, on the Demise of BRUMFIELD, *v.* BROWN.

Where a person enters into possession of real estate under a contract of sale, the vendor may, at any time previously to executing the conveyance, demand possession of the premises, and may also, if the demand be not complied with, recover the possession of them in an action of ejectment.

The statute concerning tenants holding over, which requires three months' notice to quit, is not applicable to the above-named case, there being in that case no tenancy in which rent was reserved.

*Tuesday,*
*June 4.*

ERROR to the *Fayette* Circuit Court.

BLACKFORD, J. — This was an action of ejectment on the demise of *Margaret Brumfield* against *William Brown,* for a tract of land in *Fayette* county. Plea, not guilty. The cause was submitted to the Court, and judgment rendered for the defendant.

The facts are as follows : The lessor of the plaintiff being the owner of the land, contracted with the defendant and one *Bolton* to sell them the same for 3,000 dollars, payable by instalments. A title-bond was accordingly executed by the vendor to the vendees, conditioned for a conveyance of the land on payment of the purchase-money ; and the latter gave their notes to the former for the purchase-money, payable agreeably to the contract of sale. The notes were afterwards assigned, and a judgment on some of them was obtained by the assignee. Only 500 dollars of the purchase-money have been paid ; the legal title to the land remains in the vendor ; and *Brown* is in possession. Before the commencement of the suit, the lessor of the plaintiff demanded possession of *Brown* and the same was refused.

The defendant proved by parol that shortly after the agreement, Mrs. *Brumfield* removed from the premises, and that he, the defendant, took possession of the same, and has occupied them ever since. This parol evidence was objected to, but the objection was overruled.

The facts proved by parol, supposing the evidence admissible, do not affect the case. We consider the law on the subject to be, that where a person enters into possession of real estate under a contract of sale, the vendor may, at any time previously to executing the conveyance, demand possession of the premises, and may also, if the demand be not complied

with, recover the possession in an action of ejectment. The following case supports that doctrine : Ejectment. The lessors of the plaintiff having proved their title, the defendant stated, that one of the lessors had agreed to sell the land to one *Blackwell*, who had paid 524 £., which was part of the purchase-money, on which he was let into possession ; he being willing to pay 113 £. more, which was the residue of the purchase-money, on a proper conveyance being executed. The Court said that if there had been any demand of possession, or any thing to determine the estate at will which Mr. *Blackwell* had, the plaintiff was entitled to recover at law. The plaintiff then proved a demand of possession, and the jury, by direction of the Court, rendered a verdict for the plaintiff. *Doe d. Hiatt et al.* v. *Miller*, 5 Carr. & Payne, 595. The demand is in such cases necessary in order to place the vendee, whose entry was legal, in the situation of a wrongdoer. *Right d. Lewis et al.* v. *Beard*, 13 East, 210. — *Taylor* v. *M'Crackin*, 2 Blackf. 260. — *Stackhouse et al.* v. *Doe d. Reynolds et al.* 5 id. 570.

The defendant contends that he was, at all events, entitled to three months' notice to quit by virtue of the statute concerning tenants holding over. R. S. 1838, p. 584. The statute, however, only applies to cases where the relation of landlord and tenant exists between the parties, a rent being reserved ; but here there was no tenancy in which rent was payable, and the case, therefore, is not within the statute. The defendant was to be sure in possession of the premises with the consent of the lessor of the plaintiff, but that was all ; and the right to such possession was determined at law by the demand of the possession made before the commencement of the suit.

*Per Curiam.* — The judgment is reversed with costs. Cause remanded, &c.

*O. H. Smith* and *C. B. Smith*, for the plaintiff.

*S. W. Parker*, for the defendant.