Meeker *v.* Doe, on the Demise of Place.

In ejectment against a trespasser, notice to quit need not be proved.

The declaration in such action may be amended, as to the date of the demise, at any time before verdict, provided the amendment do not injure or impose any hardship on the defendant.

May Term,
1844.

PIERCE
v.
M'CONNELL.

Friday,
June 21.

APPEAL from the *La Porte* Circuit Court.

SULLIVAN, J.—Ejectment. The lessor of the plaintiff is the mortgagee of *Luther Mann*, who was the owner of the fee at the date of the mortgage. The defendant entered into the consent rule and pleaded not guilty. Trial by the Court and judgment for the plaintiff.

The defendant, on the trial in the Circuit Court, set up no right to the possession. His defence appears to have been, that he had not received notice to quit. The Court decided that notice to quit was not necessary. The Court was right. Notice is necessary only where the relation of landlord and tenant exists. In this case, so far as we can perceive, *Meeker* was a mere trespasser and liable to be ejected without demand or notice.

On the trial, the Court permitted the plaintiff to amend the declaration by altering the date of the demise from the 18th of *August*, 1842, to the 18th of *February*, 1843, which last date was previous to the commencement of the suit, to which the defendant objected and excepted. There was no error in this. The date of the demise as laid in the declaration, is now regarded as merely formal, and may be amended at any time before verdict, provided it do not injure or impose any hardship upon the defendant. *Doe* v. *Pilkington*, 4 Burr. 2447.—6 Cowen, 590.—7 Cranch, 478.—9 Wheat. 576.

*Per Curiam.*—The judgment is affirmed with costs.

*J. B. Niles*, for the appellant.

*J. W. Chapman*, for the appellee.