Nov. Term,
1851.

WRIGHT
v.
BLACHLEY.

---

WRIGHT *v.* BLACHLEY and Others.

If one of several instalments of purchase-money for land, be payable before the deed is to be made, it is no defense to a suit brought by the payee to recover such instalment, before the time appointed for the execution of the deed, that the payee had no title to the land at the time when the contract of sale was made.

Where a title-bond for the conveyance of land is silent as to the time when the obligee is to have possession, the latter is not entitled to the possession before the time of receiving his deed.

ERROR to the *Hendricks* Circuit Court.

PERKINS, J.—*Blachley, Strong*, and *Simpson* sued *William P. Wright* in assumpsit upon two promissory notes. *Wright* pleaded the general issue, and a want of consideration. Issues of fact were formed. The cause was submitted to the Court upon the following statement:

"It is agreed in this case that the defendant executed and delivered said notes to said plaintiffs, as in the declaration mentioned; that said notes were given as follows: On the 12th of *March*, 1841, one *Eden Bales*, who was the owner in fee of the lands described in the defendant's plea of want of consideration, being indebted to the plaintiffs, gave them his notes for 136 dollars, upon which they afterwards, on the 4th day of *October*, 1842, obtained a

*Friday,*
*November* 28.

Nov. Term, 1851.

WRIGHT
v.
BLACHLEY.

judgment for 136 dollars and 20 cents, said *Bales* still being the owner in fee of said lands; that afterwards, by virtue of an execution on said judgment, the sheriff of *Hendricks* county levied on the lands, and, on the 6th of *June*, 1846, sold them, after due notice, at the court house door of said county, when and where said plaintiffs became the purchasers, at the sum of 250 dollars, receiving a deed from the sheriff in due form of law therefor; that, afterwards, on the 5th day of *October*, 1846, said plaintiffs sold said lands to the defendant, *Wright*, at the price of 350 dollars, receiving his three several notes of that date, in amounts making said aggregate sum; two of which notes are those now in suit, the third not having fallen due at the commencement or trial of this action; and, at said sale, executing, also, to said defendant, *Wright*, a bond for a deed on payment of all of said notes; that said lands were appraised, on the 19th day of *May*, 1843, in accordance with the requirements of the R. S. of that year, at 500 dollars, being by two appraisers sworn by the sheriff; and that said defendant was in possession of said lands, at the date of said sale, by virtue of a purchase and deed from said *Bales*, subject to said plaintiffs' judgment. *J. L. Ketcham*, for plaintiffs. *C. C. Nave*, for defendant."

The Court below gave judgment for the plaintiffs for the amount of the two notes in suit, and interest.

The appraisement preceding the sheriff's sale above mentioned, not having been made pursuant to the law at the date of the contract between the plaintiffs below and *Bales*, was void. It was, in law, no appraisement. That sale must, hence, be treated as one made without an appraisement when the law required one, and, consequently, as void against *Bales; Harrison* v. *Stipp*, 8 Blackf. 455; and, perhaps, as against the defendant, *Wright*, though as to this we need not decide. The plaintiffs below, therefore, when they made the contract of sale of the lands in question, to said defendant, may have had no title; and the defendant insists, as the ground of his defense of want of consideration, that such is the fact.

But, conceding this to be the case, for the sake of the argument, is a defense to the notes made out? The time when, by the contract, a title was to be conveyed to said *Wright*, had not arrived at the commencement or trial of this suit. The case, then, is that of a sale, or rather of a contract for the sale, of land, where an instalment of the purchase-money falls due some time before the deed is to be made, and is, also, sued for before that time. In such a case, the payment of the instalment is an obligation not dependent on the making of a deed, and no deed need be tendered before suit brought. The conveyance of the land is not the consideration of the promise to pay the instalment, but the obligation, or promise, to convey it at a future day. *Leonard* v. *Bates*, 1 Blackf. 172.—*Cunningham* v. *Gwinn*, 4 id. 341.—*Gorham* v. *Reeves*, at this term of the Court (1). A defense, therefore, in the suit before us, was not established, even supposing said plaintiffs to have had no title at the time they contracted a sale, if said contract was itself a valid one.

A man cannot sell and convey that to which he has no title; but that a contract for the conveyance to another at a future day, of property to which the seller, at the time of such contract, has no title, is valid, is decided in *Hibblewhite* v. *McMorine*, 5 M. and W. 462, and in *Wilks* v. *Smith*, 10 id. 355. The title-bond of the plaintiffs below, in this case, amounted, in substance, as we have said, but to such a contract. It contained no stipulation for possession; and, under such a bond, the obligee is not entitled to possession prior to receiving his deed. *Holmes* v. *Schofield*, 4 Blackf. 171.—*Doe* v. *Brown*, 7 id. 142.

But, again, said plaintiffs had a claim upon the land mentioned above, at all events, in the lien of their judgment. That lien they could enforce by a re-sale of the property, if the sale had was invalid. The deed which they had contracted to make would estop them from asserting that lien, and bind them to protect the grantee from it. The defendant below had purchased the land of the judgment-debtor subject to said judgment, and the

*Nov. Term,*
*1851.*

WRIGHT
v.
BLACHLEY.

Nov. Term, 1851.

removal of that encumbrance may be a good consideration for the notes given.

*Per Curiam.*—The judgment is affirmed, with 1 *per cent.* damages and costs.

. *C. C. Nave*, for the plaintiffs.

