Nov. Term,<br>1861.<br><br>KRATEMAYER<br>v.<br>BRINK.

---

KRATEMAYER *v.* BRINK.

Where real estate is sold by title bond, the purchaser is not, in the absence of a stipulation to that effect, entitled to the possession of the land before the time for making the conveyance, and though he may have entered into possession with the consent of the vendor, the latter may resume his possession at any time, on demand.

Where the vendee of real estate enters into possession under the contract of purchase, with the consent of the vendor, such entry does not constitute him a tenant.

A reply averring a demand of possession after entry, and before suit brought,, is sufficiently certain, on demurrer.

APPEAL from the *Vanderburgh* Circuit Court.

WORDEN, J.—Action by *Brink* against *Kratemayer*, to recover the possession of certain real estate.

Saturday,<br>December 14.

Nov. Term, 1861.

KRATEMAYER
v.
BRINK.

Answer: that on *February* 27, 1861, the defendant purchased the land of the plaintiff for the sum of $550, and the plaintiff executed an agreement (which is set out) to convey the land to the defendant upon the payment of the purchase money, and that on the said *February* 27, the defendant, with the consent of the plaintiff, entered into the possession of the land, under and by virtue of the said sale and purchase, and has held the same until the present time.

By the agreement set out, it appears that $70 of the purchase money was paid at the time the contract was made, but the residue thereof was not due when the suit was brought, hence the defendant was not in default in respect to the payments. The agreement, however, is entirely silent as to the possession of the premises, and there is nothing in it that implies that the defendant was to have possession until the purchase money should be paid and the deed executed.

The plaintiff replied to the answer, that after the entry by the defendant upon the premises, and before the commencement of this suit, the plaintiff demanded possession of said premises from the defendant, who refused to surrender the same.

The defendant demurred to this replication, but the demurrer was overruled, and an exception taken. Final judgment was rendered for the plaintiff.

The demurrer, we think, was correctly overruled.

As the agreement did not provide for the defendant's possession, he was not entitled to it, and the plaintiff was entitled to resume his possession at any time he saw proper to do so. Nor does it make any difference that the defendant was not in default in respect to his payments. He had no right to the possession until the purchase money was paid as provided for in the agreement. As he entered, however, by the consent of the plaintiff, a demand of possession by the plaintiff was necessary, before the commencement of the suit, in order to place the defendant in the situation of a wrongdoer. This, the replication avers, was done. The entry by the defendant under the contract did not constitute him a *tenant* to the plaintiff, hence no notice to quit for any

particular length of time was necessary. These views are fully sustained by the cases of *Taylor* v. *McCracken*, 2 Blackf. 260; *Stackhouse* v. *Doe*, 5 Blackf. 570; *Doe* v. *Brown*, 7 Blackf. 142; and *Spencer* v. *Tobey*, 22 Barbour, 260. It is urged that the rule should be different in equity. We perceive no difference, in respect to the rights of the parties under the contract, at law and in equity.

But it is objected that the reply is too indefinite and uncertain, in not stating the time and place of the demand, and whether it was verbal or in writing. The reply states that the demand was made after the entry, and before the commencement of the suit. That was good, in substance, and sufficient on demurrer. If the reply was too uncertain in the particulars pointed out, application might have been made, under § 90 of the code, to require it to be made more certain by amendment. *Godfrey* v. *Godfrey*, *ante*, p. 6.

It may be observed, that the judgment for the plaintiff in no way interferes with the rights of the defendant under his contract. If he performs the contract on his part, he will be entitled to the same remedies against the plaintiff for failure on his part as if this suit had not been brought.

*Per Curiam.*—The judgment is affirmed, with costs.

*A. L. Robinson*, for the appellant.

*Asa Iglehart* and *C. E. Marsh*, for the appellee.