Stehman *v.* Crull.

## STEHMAN *v.* CRULL.

VENDOR AND PURCHASER.—Suit by A against B to recover the possession of real estate. Answer, that D, who was the owner of the land in 1841, sold the same to A by title bond, conditioned for a conveyance upon payment of the purchase money; that $300 was paid at the time, and two notes for $473 75 each were given for the residue of the purchase money; that A entered into possession, and by an improper use thereof greatly impaired the value of the land; that in 1844, A having failed to pay any more of the purchase money, and having left the State, leaving no assets out of which the debt could be made, D filed his bill in chancery to collect said purchase money, and a decree was entered that in default of payment within thirty days the premises should be sold by the sheriff; that after said premises had been bought in by D on said decree, he sold and conveyed the same to defendant, and put him in possession; that the lands have greatly increased in value and that the defendant has made valuable and lasting improvements. Reply, admitting the proceedings in chancery, but denying that the land was legally sold upon the decree, and alleging that the sale was void, because there was no appraisement and because no deed was executed to the purchaser; that defendant had notice of plaintiff's title, and that the rents since plaintiff had been out of possession were more than equal to the balance of the purchase money due from him and interest thereon, and praying that an account be taken, &c.

*Held,* that the plaintiff must recover, if at all, upon the strength of his own title.

*Held,* also, that to entitle the plaintiff to recover, he must show a legal title to the possession.

*Held,* also, that the answer presented a good defense to the action, which the reply failed to meet.

*Held,* also, that the plaintiff, having been in default for nearly fifteen years, was not entitled to any equitable relief.

APPEAL from the *Hamilton* Circuit Court

GREGORY, C. J.—Suit by *Stehman* against *Crull* "to recover the possession of real property." The complaint is in the usual form. The defendant answered that *Thomas West* was, on the 5th of *October,* 1841, the owner in fee simple of the lands described in the complaint; that he sold the same on that day to the plaintiff, who paid him $300 of the purchase money, and made two promissory notes and delivered them to him for

the balance of the purchase money, each of the notes being for $473 75; that at the same time *West* made, executed and delivered to the plaintiff his title-bond, and thereby bound himself, upon the payment of the purchase money, to convey the lands to the plaintiff; that upon the execution of the bond and notes *West* put the plaintiff in possession; that there were then upon the lands lasting and valuable improvements; that the plaintiff held possession by himself or agent until after the commencement of the chancery suit in the answer mentioned, and by improper use and abuse thereof impaired the value of the premises; that the plaintiff, during the time he so held the premises, received and appropriated the rents and profits of the same; that about the time of the commencement of the chancery suit the plaintiff left this State and went to parts unknown, leaving no assets out of which *West* could make the balance of the purchase money; that on the 24th of *March*, 1844, (the plaintiff being absent from the State, and the place of his residence unknown) *West* filed his bill in chancery, in the *Hamilton* Circuit Court, setting forth the foregoing facts, and that although *West* had always been ready to perform his part of the contract, upon being paid the purchase money, and was then willing to convey the lands to the plaintiff, and had, for the purpose of being able to comply with the agreement, made and acknowledged a deed of conveyance in fee simple, with full covenants, conveying the lands to the plaintiff, his heirs and assigns, and tendered the same in court, to be delivered to the plaintiff on his paying the balance of the purchase money, yet the plaintiff had failed to perform his part of the contract and pay the purchase money, and prayed that the court would compel the plaintiff to perform his part of the agreement; that the suit in equity was determined in favor of *West*, at the *September* term of the *Hamilton* Circuit Court, in the year 1844; that it was ordered by the court that the plaintiff should specifically perform his contract and pay the purchase money within thirty days, or in default thereof that the lands should be

sold, as other lands are sold on execution, to pay the same; that the plaintiff failed to pay any part of the money, but continued in possession until the 1st of *January,* 1846, and appropriated the rents and profits to his own use; that the same were of the value of $200 per annum; that at the date last aforesaid, the value of the lands was greatly depreciated, and that the same were then abandoned by the plaintiff, and that soon afterwards *West* sold and conveyed the lands to *Jacob Crull*; that the latter entered into possession under said conveyance, and remained in possession until he subsequently sold and conveyed the lands to the defendant, and that the defendant has full possession under that conveyance; that since the conveyance from *West* to *Jacob Crull,* the lands have greatly increased in value; that the latter and the defendant have made lasting and valuable improvements thereon, amounting to $3,000 in value; that defendant had no knowledge of any claim of the plaintiff to the lands, and he denies that *West* ever conveyed the lands to the plaintiff except as stated in the answer, and alleges that if the plaintiff has a deed for the lands, it has been surreptitiously abstracted from the files of the court in the suit in equity, and avers that the only legitimate claim upon the lands the plaintiff ever had, arose from said title bond. Prayer that plaintiff's claim may be set aside and annulled, and the defendant's title quieted.

The plaintiff replied, admitting the proceedings named in the answer, in the suit in equity between *West* and the plaintiff, to be true as therein set forth, but denies all other matters therein set up. He further says that the lands were never sold legally upon the decree of the court, but the pretended sale was wholly void, the lands never having been appraised as the law required, and the sheriff having never made any deed therefor. The plaintiff further avers that the lands have been possessed and enjoyed by the defendant ever since the pretended sale, and that he has received the rents and profits thereof, which are of the annual value of $300; that defendant derives his pretended title from

*Jacob Crull* as a gift, which was never executed until after the commencement of this suit; that *Jacob Crull*, long before he contracted with *West* for the lands, well knew the rights of the plaintiff to the same; that the rents and profits which have been received by the defendant have amounted to $500 more than the balance of the purchase money remaining unpaid, and all interest thereon; that he is ready to perform his part of the agreement, and prays that an account be taken, and a full and equitable settlement made of the matters between the parties, alleging that the premises are of the value of $5,000.

To this reply the defendant demurred. The demurrer was sustained by the court, and final judgment rendered thereon for the defendant. The plaintiff appeals and assigns for error the ruling of the court below on this demurrer.

The appellant's counsel have argued three questions:

1. Was the plaintiff's reply sufficient in law to meet the case made by the answer?

2. Was the answer a sufficient bar to the action?

3. If not, did the demurrer of the defendant reach back to the insufficiency of the answer?

This suit was commenced on the 25th of *August*, 1859.

The plaintiff in this action must recover on the strength of his own title. 2 G. & H., § 606, p. 284.

The action "to recover the possession of real property," under the code, where the complaint is on the legal title, as in the case in judgment, takes the place of the old action of ejectment, and the plaintiff must show a legal title to the possession before he can recover.

The reply admits the proceedings in the equity suit between *West* and the plaintiff, by which it is shown that the latter held the lands from *West* by a title-bond; that the plaintiff was in default; that he had absconded, leaving no property out of which *West* could make his debt. The decree was rendered in *September*, 1844, allowing the plaintiff thirty days within which to pay the purchase money.

After the lapse of nearly fifteen years this suit is commenced, and in the reply the plaintiff claims that the purchase money has been paid by the receipt of the rents and profits since the rendition of the decree. The facts admitted and stated in the reply are sufficient, in our opinion, to bar the plaintiff's right of recovery in this action. The answer is good, showing clearly that the plaintiff has no legal right to the possession of the land. A party in possession of real estate under a contract of purchase may be ejected upon demand by the legal owner. *Stackhouse et al.* v. *Doe ex. dem. Reynolds et al.*, 5 Blackf. 570.

In the case at bar, the plaintiff had abandoned his possession under his contract of purchase, and is now seeking the aid of a court of law to regain that possession. The facts shown do not, however, entitle the plaintiff to any equitable relief. The plaintiff had been in default for nearly fifteen years after the decree; the lands were purchased by him of *West* in 1841, for $1,247 50, and he shows in his reply that they are now worth $5,000.

The question how far time in a contract is regarded of its essence does not depend exclusively upon its terms, but in a great degree upon the conduct of the parties in relation to it after its execution. Justice STORY says: "Time is not generally deemed in equity of the essence of the contract, unless the parties have expressly so treated it, or it necessarily so follows from the nature and circumstances of the contract. It is true that courts of equity have regard to time, so far as it respects the good faith and diligence of parties. But if circumstances of a reasonable nature have disabled the party from a strict compliance, or if he comes *recenti facto* to ask for a specific performance, the suit is treated with indulgence. But then, in such cases, it should be clear that the remedies are mutual; that there has been no change of circumstances affecting the character or justice of the contract; that compensation for the delay can be fully and beneficially given; that he who asks a specific performance is in a condition to perform his own

part of the contract, and that he has shown himself ready, desirous, prompt and eager to perform the contract." 2 Story's Eq. Jur., § 776.

The facts averred in the answer preclude the plaintiff from any relief whatever, either legal or equitable. The reply does not bring the plaintiff within any equitable rule entitling him to a specific performance of the contract. As the answer is good and the reply bad, the third question argued by counsel does not arise.

The judgment is affirmed, with costs.

*M. M. Ray* and *J. W. Gordon,* for appellant.

*D. Moss,* for appellee.