Brown *et al. v.* Freed *et al.*

The judgment is reversed, with costs; and the cause is remanded, with instructions to grant a new trial.

———————◇———————

BROWN ET AL. *v.* FREED ET AL.

REAL ESTATE.—*Action to Recover.*—*Insanity of Grantor.*—In a suit for the recovery of real property, where the complaint was in the statutory form and the defendant pleaded the general denial, the plaintiffs proved that they were the legal heirs of a deceased former owner of the land, and the defendant claimed title under a deed made by the ancestor of the plaintiffs.

*Held*, that it was competent for the plaintiffs to introduce evidence to show that their ancestor was insane when he executed the deed.

SAME.—*Title.*—*Quality of.*—The title of the heirs in such case is legal, and not equitable; the deed of the insane ancestor, being void, conveys no title, and his heirs take the legal estate by descent.

From the Orange Circuit Court.

*A. B. Carlton* and *J. W. Tucker*, for appellants.

*A. I. Simpson*, for appellees.

BUSKIRK, J.—Suit by the appellants against the appellees to " recover real property." The complaint avers that the plaintiffs " are the owners in fee simple and entitled to the possession" of the land in controversy; and that the defendants hold possession of the same without right.

The defendants answered by the statutory denial. Trial by jury and finding for defendant. The court, over appellants' motion for a new trial, rendered judgment on the verdict.

The appellants have assigned for error the overruling of the motion for a new trial.

The first and principal reason assigned for a new trial was the exclusion of the testimony of John Lee and others, which was offered to prove the insanity of Jacob Nidiffer.

The question arose thus: The plaintiffs were the children

and heirs at law of Jacob Nidiffer, deceased, from whom they claimed the land in dispute by descent.

The plaintiffs proved their heirship and the death of their father. They introduced a deed for the land in question, dated the 28th of August, 1839, from John Nidiffer and wife to Jacob Nidiffer. The plaintiffs then rested.

The defendants then read in evidence the following deeds for the land in controversy:

1. A deed from Jacob Nidiffer to Solomon Nidiffer, dated March 8th, 1853.

2. A deed from Solomon Nidiffer to Richard D. Walters, dated October, 3d, 1855.

3. A deed from Richard D. Walters to Josephine Freed.

And here the defendants rested.

The plaintiffs then introduced John Lee, and by him offered to prove that at the date of the deed from Jacob Nidiffer to Solomon Nidiffer, the said Jacob Nidiffer was insane. To the introduction of this evidence the defendants objected, upon the ground that the question of the sanity or insanity of the said Jacob Nidiffer did not arise and could not be tried, upon a complaint in the ordinary or statutory form for the recovery of real estate. The objection was sustained, and the evidence was excluded, to which ruling the appellants excepted.

The positions assumed by counsel for appellees are, that the plaintiffs in their complaint claimed to be the owners in fee and based their right of recovery upon the legal title; that the legal title was shown to be in the defendants; that a claim to recover the possession of real property cannot be sustained by proof of an equitable title; and that where the legal title is vested in the defendant, the plaintiff can only recover upon an equitable title, by alleging in his complaint the facts showing the nature of his title; and in support of these positions reference is made to the cases of *Stehman* v. *Crull*, 26 Ind. 436, and *Rowe* v. *Beckett*, 30 Ind. 154. The ruling in the first named case is reviewed in the last, and we shall therefore quote only from the case last cited.

The court, on pages 160,61, say: "A defendant in an action for the recovery of real property, under the general denial, may show any legal or equitable defence he may have. 2 G. & H. 283, sec. 596. But the plaintiff in his complaint must state the facts constituting the cause of action, in plain and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended. 2 G. & H. 70, sec. 49, cl. 2. And when the allegation of the claim to which the proof is directed is unproved, not in some particular or particulars only, but in its general scope and meaning, it is not to be deemed a variance, but a failure of proof. 2 G. & H. 116, sec. 96.

"The complaint in this case avers that the plaintiffs are the owners in fee of the land; proof that they were the equitable owners, and as such had the right to have the deed from the trustees set aside for a failure to comply with the conditions of the power, would not be a variance, but a failure of proof, under the code.

"Under a complaint like this, the plaintiff can only recover on a legal title to the possession paramount to the legal or equitable title of the defendant. In *Stehman* v. *Crull*, 26 Ind. 436, it was held, that 'the action to "recover the possession of real property," under the code, where the complaint is on the legal title, takes the place of the old action of ejectment, and the plaintiff must show a legal title to the possession before he can recover.' "

The ruling of the court below seems to have been made, and is attempted to be sustained here by the counsel for the appellees, upon the ground that the title set out in the complaint and attempted to be proved by the appellants was an equitable, and not a legal one.

This, in our judgment, is incorrect. The appellants claimed to be the owners of the land in controversy by inheritance from their father. It is said by Washburn, that "another incident has already been anticipated, and that is, that if not aliened by deed or last will of the owner, estates in fee sim-

ple descend without restriction to whoever is by law his legal heir or heirs, and this, whether the estate be corporeal or incorporeal, in possession, reversion, or remainder, and whether vested or contingent." 1 Washb. Real Prop. 60, sec. 72.

An estate of inheritance is defined by Burrill as follows: "A species of freehold estate in lands, otherwise called a fee, where the tenant is not only entitled to enjoy the land for his own life, but where, after his death, it is cast by the law upon the persons who successively represent him *in perpetuum*, in right of blood, according to a certain established order of descent. 1 Steph. Com. 218. Litt. sec. 1. Co. Litt. 237 b." Burrill Law Dict. 561.

The same author defines an estate in fee simple as follows: "An estate to a man and his heirs forever. Hale Anal. sec. 30. A species of estate of inheritance which a man has, to hold to him and his heirs general, that is, his heirs whether lineal or collateral, male or female; and which is often called an estate in fee, without the addition of the word simple. 1 Steph. Com. 220. 2 Crabb Real Prop. 6. The entire and absolute interest and property in land. Cruise's Dig. tit. i. sec. 44." Same page, *supra.*

The same author defines an equitable estate as follows: "An estate acquired by operation of equity, or cognizable in a court of equity; such as the estate or title of a person for whose use or benefit lands are held in trust by another, the latter having the legal estate; and the estate of a mortgagor, after the mortgage has become forfeited by non-payment, and before foreclosure. 1 Steph. Com. 217, 285, 328; 2 Crabb Real Prop. 5, secs. 947, 442." Burrill Law Dict. 551.

It was proved upon trial that Jacob Nidiffer was the father of the appellants; that he was seized in fee of the lands in dispute, and that he was dead, leaving the appellants his legal heirs. If he died seized of such lands, then the legal title and estate therein descended under the laws of this State to his children. In such case, they would own the entire and absolute interest and property in the land. If, however,

the ancestor made during his life a legal and valid conveyance of such lands, then he died disseized, and there was nothing to descend to the appellants, and they would have no interest in or title to such land. The appellants either had an estate of inheritance or nothing. The appellees did not hold the land in trust for them, but they claimed to be the owners in fee by successive conveyances from the ancestor of appellants. The question involved was, whether Jacob Nidiffer had made a valid conveyance of such lands during his life. The fact was not denied that he had made a conveyance, but the point in contestation was, whether such conveyance was valid and effectual to pass the title. If he was sane at the time of making such conveyance, the title passed. If he was insane, the deed was void and no title passed, but remained in him during life, and upon his death descended to and vested in the appellants. Suppose that the appellants had attempted to defeat the title of the appellees by proof that the deed which purported to have been made by the said Jacob Nidiffer was a forgery, would any one doubt that such proof was competent, and if the fact was established, that the appellants were the owners in fee of such lands? If it would have been competent to have proved that the supposed deed had been forged and was therefore void, why was it not competent to prove that it was inoperative and void by reason of the want of mental capacity in the grantor to make any valid deed? We can see no difference, in principle, between the case supposed and the one involved in the case under consideration.

We think the court erred in excluding the evidence, for which the judgment must be reversed.

There are other questions discussed by counsel, but they are not likely to arise upon another trial, and will not, therefore, be considered.

The judgment is reversed, with costs; and the cause is remanded, for a new trial.