## TODD *v.* COLLIER.

VENDOR AND PURCHASER.—*Purchase-Money.*—*Rescission.*— Where, by the terms of a contract for the sale of real estate, it is not provided that the purchaser shall have possession, and the legal title remains in the vendor, to whom a portion of the purchase-money has been paid, and the purchaser, having received possession of the land, has failed to pay an instalment of purchase-money due, and the vendor has by suit recovered possession of the land (which, under such circumstances, he may do), such recovery will not amount to a rescission of the contract or entitle the purchaser to recover the part of the purchase-money paid by him.

From the Washington Circuit Court.

*S. B. Voyles* and *T. Huston,* for appellant.

*T. L. Collins* and *A. B. Collins,* for appellee.

DOWNEY, C. J.— This was an action by the appellant against the appellee.

On demurrer by the defendant to the amended complaint, the same was adjudged insufficient, and there was final judgment for the defendant. The ruling of the court on the demurrer to the amended complaint is assigned as error.

The facts disclosed in the complaint are, that, in May, 1869, the defendant was the owner of a town lot in Campbellsburg, in Washington county, Indiana, and sold the same to the plaintiff, but for what price is not shown; that one hundred dollars of the purchase-money was paid in

hand, and another hundred dollars became due in May, 1871, the plaintiff being in possession of the lot; that the defendant, without tendering a deed for the lot, instituted a suit against the plaintiff before a justice of the peace for possession of the lot, and, in October, 1871, obtained judgment, turned the plaintiff out of possession, and has ever since held possession. It does not appear whether the contract was in writing or not, nor are its terms definitely stated.

It is further alleged, that the defendant has not restored, or offered to restore, the said sum of one hundred dollars, and judgment is demanded therefor, with interest.

The action is brought on the ground, we presume, that there had been a rescission of the contract, and that, therefore, the plaintiff was entitled to recover the part of the purchase-money which he had paid. It does not appear from the contract, as it is disclosed, that the plaintiff was to have the possession of the lot, and as the legal title was in the defendant, and the plaintiff had failed to pay the second instalment of the purchase-money, she was entitled to recover the possession of the lot. *Kratemayer* v. *Brink*, 17 Ind. 509.

The fact that she thus sued for and recovered possession of the lot, to which she was so entitled, did not, in our opinion, amount to a rescission of the contract, or entitle the plaintiff to sue for and recover the money which he had paid.

The judgment is affirmed, with costs.