No. 11,186.

GRIFFIN v. ROCHESTER.

REAL ESTATE, ACTION TO RECOVER.—*Sheriff's Sale.*—*Notice to Quit, as to Judgment Debtor.*—*Demand.*—An execution defendant, remaining in possession of lands sold at sheriff's sale, is not a tenant entitled to notice to quit, nor need a demand for possession precede a suit in ejectment.

SAME.—*Right of Possession.*—*Vendor and Purchaser.*—*Executory Contract.*—An executory contract for the purchase of land, which is silent as to the right of possession, does not give that right to the purchaser.

SAME.—*Judgment.*—A judgment in ejectment by the vendor, against the vendee of land, under an executory contract, does not interfere with any remedies to which the purchaser may be entitled upon the subsequent performance of his contract.

From the Clinton Circuit Court.

*S. A. Huff, G. O. Behm* and *A. O. Behm,* for appellant.

*S. P. Baird,* for appellee.

COLERICK, C.—This was an action to recover the posses-· sion of certain real estate. The court, by request, made a special finding of the facts and its conclusion of law thereon, to which the appellant excepted, and judgment was rendered against her. A motion for a new trial was made and over-- ruled. The errors assigned are :

1. That the court erred in its conclusions of law upon the· facts found.

2. That the facts found did not justify the conclusions of law.

3. That the court erred in overruling the appellant's objections and exceptions to the conclusions of law found by the court.

4. That the court erred in overruling the motion for a. new trial.

The reason presented for a new trial was, that the special finding was not sustained by sufficient evidence. The evidence not being in the record, we can not, in its absence, review the ruling of the court upon the motion for a new trial.

The other reasons embraced in the assignment of errors present, in different forms, a single question, viz. : Did the court err in its conclusion of law?

"The findings are in seven divisions; the material facts found being as follows :

"1st. That one Madeleine Rochester recovered a judgment and decree of foreclosure against said appellant, due and to become due for over $10,000, and an order for the sale of the real estate in question to pay the same; that said lot was not susceptible of division, and that it be sold in one body.

"2d. That said Madeleine Rochester, on the 10th day of May, 1873, bought said real estate at sheriff's sale, made on said judgment and decree, for the sum of $7,000.

"3d. That on the 4th of February, 1879, said Madeleine Rochester surrendered to the sheriff of said county the certificate of sale for said real estate, and received from said· sheriff a deed therefor executed pursuant to said sale.

" 4th. That on the 21st day of November, 1879, said Madeleine Rochester sold and conveyed said real estate to appellee.

" 5th. That the appellee, on the day before this suit was brought, demanded of the appellant the possession of said real estate, and that the only reply made to said demand was ' *umph.*'

" 6th. That appellant was at the time of the trial, and had continuously been, in the possession of said real estate since 1871; that since the expiration of the year for redemption from said sale, and prior to the 26th day of December, 1879, said appellant paid to said Madeleine Rochester various sums of money, aggregating $2,909.68; all of which was paid on the residue of the judgment, left after deducting the amount of the bid for said real estate at said sheriff's sale.

" 7th. That in April, 1880, said appellee and appellant made a parol contract for the purchase of said real estate, as follows: Said appellant to pay appellee therefor $6,000, to be made in payments of

Cash . . . . . . . . . . . . . . . . . . . . . . . . . . $100
On the 1st of September, 1880 ($2,000) . . . . . . 2,000
Residue in thirty-nine instalments of $100 each . . . 3,900

" Said thirty-nine instalments to be paid monthly from the date of sale, and all to bear six per cent. interest, the appellant to execute her notes and mortgage for the deferred payments and to deliver the same to appellee; the appellee to execute her deed for said real estate, and place the same in the hands of Hon. John R. Coffroth, to be held by him in reserve (escrow) until the payment of said $2,000, and then to be delivered by said Coffroth to appellant; that said deed was executed and placed in the hands of said Coffroth as agreed, who still holds the same; that appellant paid the $100 cash payment, but never delivered to the appellee the notes and mortgage; that said appellant never paid said $2,-000 payment, nor any part thereof; that said appellant (paid) on said $100 notes before January 1st, 1882, principal and interest, the sum of $1,819, making in all the sum of $1,919 paid on said contract; that the rental value of said real es-

tate from the 10th of May, 1873, to 12th of April, 1882, was $400 per annum; that said appellant paid some, but not all the city taxes on said real estate since said sheriff's sale."

"The conclusion of law, upon the facts found by the court was: 1st. That the plaintiff, Ada Rochester, is the owner and entitled to the possession of the real estate in the complaint described. Judgment will be entered accordingly and against the defendant for costs."

The appellant asserts that she was, at the time of the conveyance to the appellee, in possession of the real estate in controversy as the tenant of the appellee's grantor, and contends that it was essential for the court to find, in order to authorize the rendition of said judgment, that notice to quit had been duly served upon her, as such tenant, prior to the commencement of the action, as required in such cases by the statute. This assertion is based, for its support, upon the fact found by the court that the appellant was permitted to remain in possession of said real estate for more than six years after its sale by the sheriff, and that during said time she paid a part of the taxes assessed thereon, and made payments on the residue of the judgment remaining unpaid after said sale. It may be true, as contended by the appellant, that the facts referred to tended to prove that the relation of landlord and tenant existed, but the court failed to find that such relation did, in fact, exist. The special finding, being silent upon this point, is to be regarded by this court as a finding thereon against the appellant, as the burden of proof upon that point rested upon her. *Graham* v. *State, ex rel.*, 66 Ind. 386; *Vannoy* v. *Duprez*, 72 Ind. 26; *Spraker* v. *Armstrong*, 79 Ind. 577; *Nitche* v. *Earle*, 88 Ind. 375; *Hunt* v. *Blanton*, 89 Ind. 38; *First Nat'l Bank, etc.*, v. *Carter*, 89 Ind. 317.

The facts found by the court show that the appellant was occupying said real estate at the time of its sale by the sheriff, as the owner thereof, and it is safe to infer, from the facts found, that thereafter she continued to occupy the same as a judgment debtor; if so, no demand by the appellee for the

surrender of possession was necessary before bringing this action. See *Smith* v. *Allen*, 1 Blackf. 22, where it was held that a judgment debtor in possession is not entitled to notice to quit previous to an action of ejectment by the purchaser at the sheriff's sale under the judgment. See, to same effect, *Meeker* v. *Doe*, 7 Blackf. 169; *Indianapolis, etc., Union* v. *Cleveland, etc., R. W. Co.*, 45 Ind. 281.

The contract of purchase, which is set forth in the special finding, was made by the appellant while she was occupying, as such judgment debtor, said real estate. The appellant did not take possession under said contract, and as it is silent as to her right of possession, she was not entitled, under its provisions, to either take or hold possession thereof. See *Doe* v. *Brown*, 7 Blackf. 142 (41 Am. Dec. 217); *Wright* v. *Blachley*, 3 Ind. 101; *Kratemayer* v. *Brink*, 17 Ind. 509; *Todd* v. *Collier*, 53 Ind. 122.

If the finding of the court as to the terms of the contract of purchase, or in any other respect, was too vague and uncertain to be understood, as claimed by the appellant, her proper remedy to reach the defects complained of was by a motion for a *venire de novo*. Buskirk Pr. 206; *Peters* v. *Lane*, 55 Ind. 391; *Leeds* v. *Boyer*, 59 Ind. 289.

This action merely involves the title and right of possession to the real estate in controversy. As was said by this court in *Kratemayer* v. *Brink*, *supra*, which was a case similar to this, "The judgment for the plaintiff in no way interferes with the rights of the defendant under his contract. If he performs the contract on his part, he will be entitled to the same remedies against the plaintiff for failure on his part as if this suit had not been brought."

There being no error in the record, the judgment must be affirmed.

PER CURIAM.—The judgment of the court below is affirmed, at the costs of the appellant.

Filed March 6, 1884. Petition for a rehearing overruled June 28, 1884.