Deputy *et al. v.* Mooney.

No. 11,608.

## DEPUTY ET AL. *v.* MOONEY.

REAL ESTATE, ACTION TO RECOVER.—*Title and Right in Plaintiff.*—In an action for the recovery of possession of real estate, if the plaintiff fail to show title and right of possession in himself, he can not recover, even though the defendant has no title.

PARTITION.—*Payment of Purchase-Money.—Equitable Title.—Deed.*—Under section 1202, R. S. 1881, a purchaser is not entitled to a deed of conveyance until the purchase-money is paid; he merely acquires by his purchase an equitable title to the land, without any right of possession.

From the Jackson Circuit Court.

*W. K. Marshall* and *R. M. Patrick*, for appellants.

*B. H. Burrill* and *F. Emerson*, for appellee.

COLERICK, C.—This action was brought by the appellee against the appellants, to recover the possession of certain real estate, situate in Jackson county, Indiana. An answer of general denial was filed to the complaint, which was in the ordinary form prescribed by the statute in such cases. The issues were tried by the court, and resulted, over a motion for a new trial, in the rendition of a judgment in favor of the appellee, for the possession of said real estate, and damages for its detention.

The only error assigned is the overruling of the motion for a new trial. Among the causes assigned in support of the motion were, that the verdict was not sustained by sufficient evidence, and that it was contrary to law.

The facts in this case, as shown by the uncontroverted evidence adduced at the trial, which is in the record, are as follows: One William W. Roseberry died seized of the real estate in controversy. Afterwards, in an action for its partition, wherein his heirs were the parties, it was found that said real estate was indivisible, and, for that reason, it was ordered by the court to be sold by a commissioner appointed for that purpose, who, on the 30th day of June, 1882, pursuant to said order, sold the same for $900 to the appellee, who, on said day, paid to the commissioner one-third of the amount of said purchase-money, and for the residue executed

to him her two notes for $300 each, payable, respectively, in nine and eighteen months thereafter, and thereupon he executed to her a certificate of purchase for said real estate, and reported the sale to the court, and it was, on the 13th day of September, 1882, confirmed by the court, but it does not appear by the evidence that a deed of conveyance for the property was ever executed to the appellee, or that any order was made by the court authorizing or directing its execution, or that the purchase-money had been fully paid. This action was commenced before the last instalment of the purchase-money became due. On the trial the appellee introduced in evidence, for the purpose of establishing her title to said real estate and her right of possession thereto, said certificate of purchase, and we infer, from a careful examination of the record, that the court below held that it was sufficient for that purpose, and hence rendered the judgment from which this appeal was taken.

In actions like this to recover the possession of real estate, if the plaintiff fails to show title *and right of possession* in himself, he can not recover, even though the defendant has no title. *Mull* v. *Orme,* 67 Ind. 95. Was the appellee in this case entitled to the possession of the real estate in controversy by virtue of said certificate of purchase? The statute under which the purchase was made provides: "Whenever it shall appear to the court that the purchase-money for the land sold has been duly paid, the court shall order such commissioner or some other person to execute conveyances to the purchasers, which shall bar all claims of such owners to said lands as effectually as if they themselves had executed the same." R. S. 1881, section 1202. Under this statute a purchaser is. not entitled to a deed of conveyance until the purchase-money is paid. *Swain* v. *Morberly,* 17 Ind. 99; *Swindell* v. *Richey,* 41 Ind. 281. He merely acquires by his purchase an equitable title to the land, without any right to its possession until the legal title, by commissioner's deed, becomes vested in him. *Stout* v. *McPheeters,* 84 Ind. 585.

The authority last cited is decisive of this case, as the facts and question of law involved in that case were similar to those in this case. It was there said by this court: " It follows that, upon the facts found, the appellee had but a mere equitable title to the land in controversy; that he had not the legal title to it, nor the legal right to its possession. Until the title, by commissioner's deed, becomes vested in the purchaser, it remains in the original owners. Neither the sale nor its confirmation by the court passes the title to the purchaser. The sale is not perfected until the confirmation and the delivery of the deed." In Rorer on Judicial Sales, section 106, it is said: " Such is the rule, whether the sale be made by a master, commissioner, or other person or functionary authorized by the court to conduct the sale. The bargain is not ordinarily considered as complete until the sale is confirmed and the conveyance is made." It has been often decided by this court that when land is sold by title bond, or contract, the vendee is not entitled to its possession, in the absence of an agreement to that effect, and if he takes possession, the vendor may recover the same at any time, although the vendee is not in default in paying the instalments of the purchase-money. *Wright* v. *Blachley,* 3 Ind. 101; *Holmes* v. *Schofield,* 4 Blackf. 171 (29 Am. Dec. 364); *Doe* v. *Brown,* 7 Blackf. 142 (41 Am. Dec. 217); *Kratemayer* v. *Brink,* 17 Ind. 509; *Griffin* v. *Rochester,* 96 Ind. 545.

As the evidence in this case failed to show that the appellee was entitled to the possession of the property in dispute, the court clearly erred in overruling the motion for a new trial, and, for the error so committed, the judgment ought to be reversed.

PER CURIAM.—The judgment of the court below is reversed, at the costs of the appellee, and the cause remanded with instructions to the court to sustain the motion for a new trial, and for further proceedings in accordance with this opinion.

Filed Oct. 11, 1884.