Reese *et al. v.* Caffee *et al.*

Judgment affirmed.

Filed November 29, 1892.

———◆———

No. 16,043.

REESE ET AL. *v.* CAFFEE ET AL.

EVIDENCE.—*Admission of to Prove Ownership.*—In an action of ejectment by the trustees of a church against the trustees of another church, evidence was admissible to the effect that at a certain date the Presbyterian Church of the United States of America and the Constitutional Presbyterian Church of the town of Laurel, Indiana, fused, or united as one church, and thereby the White Water Presbytery became the owner of the church property in suit, which, before said fusion, or union, was held by the trustees of the Constitutional Presbyterian Church in trust for the congregation.

NEW TRIAL.—*Causes for must be Assigned Definitely.*—*Court will not Search Record for.*—Causes assigned for a new trial must be sufficiently definite and specific as not to impose upon either the trial or Appellate Court the task of searching the record for the alleged erroneous ruling.

ESTOPPEL.—*Landlord and Tenant.*—*Tenant Estopped from Denying Title.*—*Contract.*—*When Vendee is Estopped from Denying Title of Vendor.*—In an action of ejectment, evidence was adduced substantially as follows: That the Constitutional Presbyterian Church was the organization sometimes known as the New School Presbyterian Church, and that about the year 1869, what was known as the New School Presbyterians and the Old School Presbyterians united, and from that time the organization has been known as the Presbyterian Church, or the Presbyterian Church of

Reese *et al.* *v.* Caffee *et al.*

the United States of America; that the church is governed by ecclesiastical bodies, viz., the Church Sessions and, the next highest in rank, the Presbytery; that the church which owned the property in question was within the jurisdiction of the White Water Presbytery; that on the 10th day of March, 1872, the defendants leased the property in controversy from the trustees of the Presbyterian Church for the period of five years, and in 1877 the defendants entered into a contract with the clerk and treasurer of said Presbytery at an agreed price, and fifty dollars was paid as a part of the purchase price, but, the defendants failing to make any further payments, said Presbytery treated the contract as at an end, and in 1888, sold and conveyed the property to the plaintiffs; that there had been no organized Presbyterian Church at said place for more than twenty years, and that they had long since ceased to hold the house on the premises as a place of worship.

*Held,* that the defendants were estopped from denying that, prior to the date of the deed, the White Water Presbytery was the owner of the property in controversy. Having held the property under a lease they are estopped from denying the title of the lessor.

*Held,* also, that the defendants could not hold possession under a contract of purchase, and at the same time deny that the party with whom the contract was made had title to the property which was the subject of the contract.

*Held,* further, that the finding of the court can not be disturbed on the evidence.

From the Franklin Circuit Court.

*J. I. Little, D. W. McKee* and *E. O'Hair,* for appellants.

*F. M. Alexander,* for appellees.

COFFEY, J.—This was an action in ejectment, in the usual form, instituted by the appellees, as trustees of the Christian Church, of the town of Laurel, Indiana, against the appellants, as trustees of the Methodist Protestant Church of the same town. Issue was formed by filing the general denial. A trial of the cause, by the court, resulted in a finding and judgment for the appellees. The appellants assign as error that the Circuit Court erred in overruling their motion for a new trial.

The only matters discussed by counsel for the appellants, in their brief, relate to alleged error in the admission of evidence and the insufficiency of the evidence to support the finding of the court.

The first three reasons assigned by the appellants, in their motion for a new trial, are as follows:

"*First.* The court erred in admitting the evidence of Alexander W. Biegle and Joseph I. Little over the objection of the defendants, tending to prove that about the year 1869 the Presbyterian Church of the United States of America and the Constitutional Presbyterian Church of the town of Laurel, Indiana, fused, or united, as one church, and thereby the White Water Presbytery became the owner of the church property in controversy in this suit, which, before that time, was owned and held by the trustees of the Constitutional Presbyterian Church of the town of Laurel, as trustees, and in trust for said congregation.

"*Second.* The court erred in permitting the plaintiffs to prove, by parol,' that they were the owners of said property, over the objections of the defendants.

"*Third.* The court erred in permitting the plaintiffs to prove, by parol, over the objection of the defendants, the usages, rules, regulations and ecclesiastical laws of the Presbyterian Church of the United States."

The first reason assigned for a new trial is quite indefinite and uncertain, but treating it as sufficient, we have carefully read all the evidence of the two witnesses named and find nothing objectionable in the testimony of either. Indeed, so far as shown by the bill containing the evidence, the testimony of Biegle seems to have been admitted without objection or exception on the part of the appellants. The second and third reasons assigned for a new trial are entirely too indefinite and uncertain to present any question for the consideration of this court.

The rule is that the cause assigned for a new trial must be sufficiently definite and specific as not to impose upon either the trial or Appellate Court the task of searching the record for the alleged erroneous ruling. *Stewart* v.

*Ritterskamp,* 54 Ind. 357; *Craig* v. *Ensey,* 63 Ind. 140; *Knisely* v. *Hire,* 2 Ind. App. 86.

To find the supposed errors referred to in the second and third reasons for a new trial it would be necessary to search the record containing the evidence. This we can not do.

The other reasons assigned by the appellants for a new trial call in question the sufficiency of the evidence to support the finding of the court.

The land in controversy was conveyed by James Conwell and wife to Henry Vanbergen and others, as Trustees of the Constitutional Presbyterian Church, of the town of Laurel, on the 14th day of March, 1846.

The evidence tends to prove that the " Constitutional Presbyterian Church" was the organization sometimes called the "New School Presbyterian Church." About the year 1869 what was known as the "New School Presbyterians" and the "Old School Presbyterians" were united, and from that time up to the present the organization has been known as " The Presbyterian Church," or " The Presbyterian Church of the United States of America." The church is governed by ecclesiastical bodies, the lowest being known by the name of the Church Sessions, and the next in rank above the Church Sessions is known as the Presbytery. The church at Laurel, in Franklin county, is within the jurisdiction of the Presbytery known as the White Water Presbytery. On the 10th day of March, 1872, the appellants leased the premises in controversy from the trustees of the Presbyterian Church at Laurel for the period of five years, agreeing to make certain stipulated repairs on the house of worship situated upon the premises in payment of rent. In the year 1877 the appellants entered into a contract with Rev. D. M. Stewart, who was acting as stated clerk and treasurer of the White Water Presbytery, for the purchase of the property in controversy at the agreed price of four hun-

dred dollars. Fifty dollars was paid at the date of the contract as part of the purchase price, but the appellants failing to make any further payment the White Water Presbytery treated the contract as at an end, and in September, 1888, sold and conveyed the property to the appellees. There has been no organized Presbyterian Church at Laurel, Indiana, for twenty or twenty-five years, and they long since ceased to use the house on the premises as a house of worship.

Under these facts we think the appellants are estopped from denying that prior to the date of the deed from the White Water Presbytery the Presbyterian Church was the owner of the property in controversy. They occupied it under a lease from the trustees of the Presbyterian Church of the town of Laurel, and it is an elementary principle of the law that a tenant is estopped from denying the title of his landlord. *Kinney* v. *Doe*, 8 Blackf. 350; *Zimmerman* v. *Marchland*, 23 Ind. 474; *Cressler* v. *Williams*, 80 Ind. 366.

It does not very distinctly appear by what means the White Water Presbytery acquired the right to sell and convey the property in dispute. As it is within the jurisdiction of that Presbytery, it may be that it possesses such power under the rules of the church, by reason of the fact that the Presbyterian Church at Laurel had ceased to be an organized body. However this may be, both parties to this controversy have treated and acknowledged this Presbytery as possessing that power. The contract for the purchase of the property from that body by the appellants, and the payment of part of the agreed purchase price was, we think, a strong acknowledgment of its right to sell and convey it. Indeed, except for the claim appellants are able to make through the White Water Presbytery they are without the shadow of a title to the property in dispute. But, assuming that their contract of purchase was sufficient to give them a claim upon the property, it

was not such a claim as would enable them to defend successfully against this action. *Taylor* v. *McCrackin*, 2 Blackf. 260; *Doe* v. *Brown*, 7 Blackf. 142; *Kratemayer* v. *Brink*, 17 Ind. 509; *Stehman* v. *Crull*, 26 Ind. 436.

They could not hold the possession under a contract of purchase and, at the same time, deny that the party with whom the contract was made had title to the property which was the subject of the contract.

We are of the opinion that there is some evidence in the record tending to sustain the conclusion at which the trial court arrived. Under such circumstances we can not disturb the finding of the court.

Judgment affirmed.

Filed November 29, 1892.