· Vannoy v. Duprez.

———— •••• ————

No. 7346.

Vannoy v. Duprez.

RAILROAD.—*Contract.*—*Assignment.*—A contract between a railroad company and individuals, that the company will construct a depot at a certain place, and that upon its construction the individuals will pay to the company a certain sum of money, is negotiable by endorsement so as to vest the title thereof in each endorsee successively.

SAME.—*Assignment of Contract by Receiver.*—*Pleading.*—Where such a contract has been signed by a receiver of a railroad company, and suit is brought thereon by the assignee, the authority of the receiver to make such assignment is involved in the question of the execution of the assignment, and can be put in issue only by a denial under oath.

SAME.—*Notice of Performance.*—When a party agrees to pay a railroad company a certain sum of money on the completion by the latter of a depot building at a certain place, he is entitled to notice of such completion before suit can be brought to enforce payment under the contract.

Vannoy *v.* Duprez.

SPECIAL FINDING.—*Practice.*—A special finding embraces only the facts proved upon a trial, and all issues not determined by the facts found must be regarded as not proven.

From the Shelby Circuit Court.

*E. P. Ferris* and *W. W. Spencer,* for appellant.

*L. J. Hackney,* for appellee.

WOODS, J.—Complaint against the appellant by the appellee as assignee of the following contract:

"Whereas, The Indianapolis, Cincinnati and Lafayette Railroad Company is contemplating the erection of a new passenger depot, for the use and benefit of their road and the travelling public, within the corporate limits of the city of Shelbyville, Indiana; now, in order to induce and influence and to assist said company in the construction of said depot, we, the undersigned, bind ourselves, our heirs, executors and administrators, firmly by these presents, to pay to said railroad company or her assignees the amount set opposite our names, without relief from valuation or appraisement laws, the same to be due and payable as soon as the completion of said building: Provided, however, that said depot be erected north of Washington street," etc.

| "NAMES OF SUBSCRIBERS. | AMOUNT. |
|---|---|
| "Daniel Duprez, | $250.00 |
| "John W. Vannoy, | 100.00" |

And 21 others, in sums aggregating about $1,300 00.

The complaint was in two paragraphs, each of which averred the execution of the foregoing contract; that the depot was erected in accordance therewith, and was in use as a depot by the company, of all which the defendant had full knowledge; "that the railroad company, by M. E. Ingalls, receiver for said company, duly and legally chosen and acting under and by virtue of an order of the United States Circuit Court for the district and State of Indiana, assigned said writing obligatory, in writing, to this plaintiff, a copy of which writing and assignment is filed herewith as part hereof."

Following the copy of the contract is the following copy of the alleged assignment:

"The Indianapolis, Cincinnati & Lafayette Railroad Company, for value received, does hereby assign and transfer the above and foregoing subscription to Jacob G. Duprez, this — day of January, 1878, without any recourse whatever.

"By M. E. INGALLS, Receiver."

The defendant filed separate demurrers to each paragraph of the complaint, on the ground of insufficient facts and because of a defect of parties, alleging that the "railroad company should be made defendant to answer to its interest in the cause of action, the same having been assigned without authority by an assignee."

By the 1st section of the "act concerning promissory notes," etc., approved March 11th, 1861, the contract sued on was "negotiable by indorsement thereon, so as to vest the property thereof in each endorsee successively."

Section 6 of the code provides that "When any action is brought by the assignee of a claim arising out of contract, and not assigned by indorsement in writing, the assignor shall be made a defendant, to answer as to the assignment, or his interest in the subject of the action."

If the demurrer had been directed thereto, the fatal objection to each paragraph of the complaint in this case would be, that the assignment is not shown to have been made by indorsement. But the demurrer is not so framed as to raise this question; it is so drawn as to question only the authority of the receiver to make the assignment, and to suggest a defect of parties by reason of the unauthorized assignment, rather than by reason of the manner in which the assignment was made. But the authority of the receiver is sufficiently averred, and the demurrer in that respect not well laid.

No point is made before us as to the consideration of the contract sued on, nor of its validity on grounds of public policy, and we decide nothing in reference thereto. Other-

wise, the complaint states facts sufficient to constitute a cause of action.

Issues of fact were formed by an answer in four paragraphs, the first of which was a general denial, and by a reply in general denial to the affirmative answer. Trial by the court, which, at the request of the defendant, made a special finding of facts and stated its conclusions of law thereon, substantially, as follows:

That the defendant made and executed the agreement set out in the complaint, for the purpose and on the consideration charged; that afterward, and during the fall of 1877, said building was completed at the locality provided for in the agreement, and afterward, in January, 1878, said railroad company, by M. E. Ingalls, receiver thereof, did assign in writing and transfer said obligation to the plaintiff.

Upon these facts the court concludes that the plaintiff is the owner of said claim; that there was sufficient consideration for the execution of said promise by the defendant; that the claim is past due, and the plaintiff is entitled to judgment for one hundred dollars, collectible without relief from valuation or appraisement laws.

To these conclusions the defendant excepted and moved for judgment on the finding, on the ground "that on the facts found the law is with the defendant," which motion the court overruled, to which ruling the defendant excepted. According to the order book entry, the defendant then filed a motion and written reasons for a new trial, which was overruled and exceptions taken, but the motion and reasons do not appear in the record.

It is assigned for error that the court erred in its conclusions of law upon the facts found, and this is the only remaining question to be decided.

It is insisted that the facts found do not sustain either paragraph of the complaint in two particulars, namely: It is not found that the receiver had authority of the court

which appointed him to make the assignment, and it is not found that any demand was made upon the defendant for payment of the claim sued, nor notice given him of the completion of the building.

If these facts are essential, and must each have been expressly found in order to establish the plaintiff's right of recovery, it must result that the conclusion of the court was wrong, and judgment should have gone for the defendant.

Of the assignment or of the authority of the receiver to make it, no proof was necessary. If the defendant desired to make an issue on that ground, he should have done it by a plea under oath. Section 216 of the R. S. 1843, p. 711, which has been held to be still in force, is as applicable to an assignment purporting and averred to have been made by an agent or receiver as to an assignment charged to have been made by the payee or holder of the contract. The authority of the alleged agent or receiver is involved in the question of the execution of the assignment, and can be put in issue only by a sworn denial.

Was a demand necessary? The contract was to pay money, but not at any certain time or place, nor upon an executed consideration. The payment was to be made "as soon as the completion of said building," which the payee of the contract was bound to build, or cause to be built, before the money could be demanded, and the right to claim the money being dependent on an act to be done by the holder or payee of the contract, if a strict demand for payment was not necessary, before suit, the defendant was entitled to notice of the completion of the building according to the contract, and was not in default until such notice was given him.

The complaint avers this notice or knowledge on the part of the defendant, but neither notice nor demand is included in the special finding of facts.

Under the rule declared in *Graham* v. *The State, ex rel.*,

*etc.*, 66 Ind. 386, the special finding must be deemed to embrace all the facts which were proved, and all issues not determined by the facts found must be regarded as not proven by the party having the burden of the proof thereof. The plaintiff having failed to prove demand or notice, judgment should have been given against him.

The judgment of the circuit court is reversed, with costs, and the cause remanded, with instructions to set aside the conclusions of law as stated, and to enter instead a conclusion that, for want of notice to the defendant of the completion of the building referred to in the contract sued on, the plaintiff is not entitled to recover in this action, and that judgment should go for the defendant for his costs, and to enter judgment accordingly, without prejudice to the right of the plaintiff to prosecute another action.