Spraker *et al. v.* Armstrong *et al.*

No. 9714.

SPRAKER ET AL. *v.* ARMSTRONG ET AL.

SPECIAL VERDICT.—*Special Finding.*—*New Trial.*—Where a special verdict does not find upon material facts established by the evidence, the remedy is by a motion for a new trial; and where a special finding or a special verdict is silent upon a point, it is equivalent to a finding upon that point against the party who has the burden of the issue; and if the point is sustained by the evidence, the finding is wrong and the party injured is entitled to a new trial.

SAME.— *Venire de Novo.*—The office of a special verdict or a special finding is to find the facts which have been proved, but the failure to find these facts is not a defect on the face of the finding or verdict to be reached by a motion for a *venire de novo.* But where such verdict or finding is on its face defective or imperfect, a motion for a *venire de novo* is proper.

From the Howard Circuit Court.

*J. O'Brien, C. N. Pollard* and *C. C. Shiveley,* for appellants.
*J. F. Vaile* and *R. Vaile,* for appellees.

ELLIOTT, C. J.—This case is very similar to that of *Ricketts* v. *Spraker,* 77 Ind. 371, and is in a great measure governed by the decision made in that case. The litigation grows out of the same subject-matter, and it is unnecessary to restate the questions decided in the former case. Under the decision the complaint of the appellees is bad, and several of the answers to which demurrers were sustained are good, and the court erred in overruling the demurrers to the complaint and in sustaining demurrers to the answers.

There are however some questions in this case which were not presented in the one decided, and it is proper that they should be decided, since counsel request that it may be done.

Counsel inquire, What is the remedy where a special verdict does not find upon material facts established by the evidence? The answer to this is, by a motion for a new trial. If the verdict does not find all the material facts proved, it is contrary to the evidence. *Ex Parte Walls,* 73 Ind. 95. Where a special finding or a special verdict is silent upon a point, it is equiv-

alent to a finding upon that point against the party who has the burden of the issue.     *Vannoy* v. *Duprez*, 72 Ind. 26.     If, therefore, the point is sustained by the evidence, the finding is wrong and the party injured is entitled to a new trial.

Since the decision in *Graham* v. *The State, ex rel.*, 66 Ind. 386, the rule has been that the office of a special verdict or a special finding is to find the facts which have been proved. The failure to find these facts is not a defect on the face of the finding or verdict to be reached by a motion for a *venire de novo*.

Where the special verdict or the special finding is on its face defective or imperfect, a motion for a *venire de novo* is proper.     *Kealing* v. *Vansickle*, 74 Ind. 529 ; *Brickley* v. *Weghorn*, 71 Ind. 497 ; *Peed* v. *Brenneman*, 72 Ind. 288.

The special verdict in this case is silent upon several material points upon which appellants had the burden, and is, therefore, against them on these points.     There was evidence fully proving these points, and appellants' motion for a new trial is well supported.

Judgment reversed.