Nitche *et al. v.* Earle.

No. 9944.

NITCHE ET AL. *v.* EARLE.

SPECIAL FINDING.—*Burden of Issue.*—*Practice.*—*Supreme Court.*—A special finding of facts contains only such facts as are proven on the trial, and, where it is silent as to any material fact in issue, it is regarded by the Supreme Court as a finding against the party who has the burden of such issue.

SWAMP LANDS.—*Record of Deed or Patent.*—*Subsequent Purchaser.*—Under section 4 of the act of June 14th, 1852, supplemental to the swamp land act (1 G. & H. 607), a deed or patent issued by the State to a purchaser of swamp lands was required to be recorded in the office of the Secretary of State; and where it was not so recorded, and no possession was taken thereunder, such deed or patent is fraudulent and void as against a subsequent purchaser of the land from the State, without notice, actual or constructive, and in good faith, and those claiming under him.

From the Lake Circuit Court.

*J. Kopelke,* for appellants.

*E. Griffin* and —— *Griffin,* for appellee.

HOWK, C. J.—After this cause had been put at issue it was submitted to the court for trial, and at the request of the appellants, the defendants below, the court made a special find-

ing of the facts and stated its conclusions of law thereon, in substance, as follows:

" That the land described in plaintiff's complaint, to wit, the southwest quarter of the southeast quarter of section 34, township 34 north, of range 9 west, in Lake county, Indiana, was formerly what was commonly known as 'swamp land,' and was ceded as such by the United States Government to the State of Indiana; that the plaintiff's father, George Earle, purchased said land from the State of Indiana, and, in pursuance of such purchase, on the 12th day of January, 1857, received a deed or patent from the State of said land, which was signed by the Governor and Secretary of State, and sealed with the great seal of the State; that said deed or patent was not recorded in the recorder's office of Lake county, Indiana, till the 30th day of November, 1874; that said George Earle since died, leaving a will, which was duly proven and recorded in the office of the clerk of the Lake Circuit Court, on September 13th, 1878, in which said real estate was devised to the plaintiff, John G. Earle.

"The court also finds that one Adelbert D. Palmer purchased said land from the State of Indiana, as 'swamp land,' on May 2d, 1866, in accordance with the law of the State, and in pursuance of such purchase, on the 2d day of May, 1866, received a deed or patent from the State of said land, which was signed by the Governor and Secretary of State, and sealed with the great seal of the State; that, before making such purchase, said Palmer made proper search and enquiry of the proper county officers of Lake county, Indiana, and also of the State officers at Indianapolis, concerning said land, and neither he nor said officers found any entries in their books, showing title in George Earle to said lands, but the officers informed said Palmer that said land was open to entry and purchase; that Palmer had his patent to said land recorded in the recorder's office of Lake county, Indiana, on June 4th, 1866; that on the 6th day of August, 1869, said Palmer sold the east half of said southwest quarter of the southeast quarter

of section 34, township 34, range 9, to Moses M. Esty, and conveyed the same by deed duly executed, which was recorded in the recorder's office of Lake county on the 9th day of August, 1869; that, on the same day, said Esty sold said land to James H. Ball, and conveyed it by general warranty deed, duly executed and recorded August 9th, 1869; that James H. Ball, on August 11th, 1869, sold said land, together with other parcels, to the defendant Nitche, and conveyed the same by general warranty deed, duly executed and recorded in Lake county, Indiana, on October 26th, 1869; that said Nitche paid value for the land, and, at the time of his purchase, had no knowledge or notice of any right or title of said George Earle to said land; that, on September 29th, 1880, said Nitche sold said land to the defendants Hawkinson and Ryan, who paid value for the same; that he conveyed the land by general warranty deed, duly executed and recorded in Lake county, Indiana, on the same day; that while said Nitche held said land he paid the taxes on the same and made improvements by ditching and grubbing, and that he was in the actual possession of the same, under his deed from Ball, claiming ownership and not disturbed in his possession till the commencement of this suit; that the service of summons, in this case, conveyed the first notice to said Nitche of any claim or right in said land of the plaintiff, John G. Earle, or his father, George Earle.

"The court also finds that the said land remained wild and unoccupied till said Nitche took possession of it under his deed from James H. Ball."

"Upon the foregoing facts the court finds and states the following conclusions of law:

"1st. That said George Earle, by virtue of his purchase of said land from the State, became the owner thereof;

"2d. That a recording of said patent in the office of the recorder of Lake county, Indiana, was not required by law;

"3d. That the patent of said land, obtained by Palmer, under his purchase from the State, conveyed no title, and that

the subsequent purchasers from Palmer under his said patent, including the defendants herein, obtained no title;

"4th. That the plaintiff ought to have judgment against the defendants for the possession of the east half of the southwest quarter of the southeast quarter of section 34, township 34 north, of range 9 west, in Lake county, Indiana, and that his title thereto should be quieted in him as against any claims of the defendants, or any person claiming by, through or under them."

Over the appellants' exceptions to these conclusions of law, the court rendered judgment for the appellee, in accordance therewith.

By proper assignment of error here, the appellants call in question the correctness of the court's conclusions of law upon the facts specially found; and this is the only question, in this case, for the decision of this court. The record shows that this action was commenced on the 2d day of March, 1881. The deed or patent under which the appellee claimed title to the land in controversy was signed by the Governor and attested by the Secretary of State, and the seal of the State was thereto affixed, on the 12th day of January, 1857. More than twenty-four years elapsed; therefore, after the date of such deed or patent, before the appellee or his ancestor took possession, or even asserted any claim or right to the possession of the land in controversy. The deed or patent under which appellee claims title was never procured to be recorded, by him or his ancestor, by the Secretary of State in the book kept in his office for that purpose; and it was not recorded in the recorder's office of Lake county until the 30th day of November, 1874, or nearly eighteen years after its execution. In the meantime, to wit, on the 2d day of May, 1866, the land in dispute being then wild and unoccupied, Adelbert D. Palmer, the remote grantor of the appellants, after proper search and enquiry had been made by him of the proper county officers of Lake county, and also of the State officers at Indianapolis, concerning said land, and had been informed by

the State officers that the land was open to entry and purchase, bought the same from the State and received a proper deed therefor, signed by the proper State officers, under the seal of the State.    This deed or patent was recorded in the re- corder's office of Lake county on June 4th, 1866; and under it, through certain mesne conveyances, the appellant Nitche became the owner of the land on August 4th, 1869.    Nitche took actual possession of the land, paid the taxes and made improvements thereon by ditching and grubbing, and he and his grantees held the same, claiming ownership, without notice, actual or constructive, of any adverse claim or title, and un- disturbed in the possession, until the service of the summons issued in this action.

Upon these facts, which has the better title to the land in controversy, the appellee or the appellants?    The trial court determined this question in favor of the appellee; but we are of opinion that it ought to be and must be determined in favor of the appellants.    Both appellee and appellants derive title from a common source, the State of Indiana; and the State acquired its title by and under the act of Congress en- titled "An act to enable the State of *Arkansas* and other States to reclaim the 'swamp lands' within their limits," approved September 28th, 1850.  *Edmondson* v. *Corn,* 62 Ind. 17.    The appellee could only recover in this action upon the strength of his own title, and not upon or by reason of any defects in the appellants' title.    It was found as a fact that the appellee's ancestor purchased the land and received a deed thereof, duly executed, from the State, more than nine years before the ap- pellants' remote grantor, Palmer, purchased the same land and received from the State his deed thereof, duly executed. The appellee's ancestor, therefore, had the older paper title to the land, but possession was never taken thereunder, nor was the deed recorded in the recorder's office of Lake county, or in the office of the Secretary of State; and the appellants and those under whom they claim had no notice, actual or

constructive, of the title of the appellee or of his ancestor, until the commencement of this suit.

It is claimed by appellee's counsel that it was not necessary that the deed from the State to George Earle should be recorded in the recorder's office of the county in which the land was situate; and so this court seems to have decided in the case of *Mason* v. *Cooksey,* 51 Ind. 519. The reason assigned for this ruling is that the act of May 29th, 1852, regulating the sale of swamp land, makes no provision for the acknowledgment of deeds of such lands executed by the State officers, and that, without such acknowledgment or proof thereof, under section 18 of the act of May 6th, 1852, concerning real property and the alienation thereof, such deeds are not entitled to record. But in section 4 of the act of June 14th, 1852, supplemental to the swamp-land act, it was provided that the deed or patent to the purchaser of swamp land executed by the Governor and countersigned by the Secretary of State, under the seal of the State, "shall also be recorded by said Secretary of State in books to be kept in his office." 1 G. & H. 607. It seems to us, therefore, that it was necessary in this case that the appellee should have shown that the deed or patent under which he claimed title to the land in controversy had been duly recorded, as the statute required, by the Secretary of State, in the book kept in his office for such purpose. The court did not find that such deed or patent had ever been recorded by the Secretary of State in the book kept in his office for that purpose; and as it was incumbent on the appellee, who had the burden of the issue and could only recover upon the strength of his own title, to show that the deed or patent under which he claimed had been duly recorded, as by law required, we think the silence of the special finding in relation to any such record must be held to be equivalent to an express finding against him upon the point under consideration. *Graham* v. *State, ex rel.,* 66 Ind. 386; *Vannoy* v. *Duprez,* 72 Ind. 26; *Spraker* v. *Armstrong;* 79 Ind. 577.

Upon the facts specially found by the court, in the case at bar, we are of the opinion that the appellants, and those under whom they claim title, were subsequent purchasers of the land in controversy, in good faith and for a valuable consideration, and without notice, actual or constructive, of the claim or title of the appellee or his ancestor; and that the deed or patent from the State to George Earle is, therefore, fraudulent and void as against the appellants. Sec. 16, 1 R. S. 1876, p. 365; sec. 2931, R. S. 1881.

The court erred in its conclusions of law. The judgment is reversed, with costs, and the cause is remanded, with instructions to set aside the conclusions of law, and, in lieu thereof, to find for the appellants, the defendants below, as a conclusion of law, and to render judgment accordingly.