Gordon v. Stockdale.

No. 8852.

GORDON v. STOCKDALE.

SPECIAL VERDICT.—*Finding.*—*Evidence.*—A special verdict should find facts and not merely evidence of them, so that the law will irresistibly infer a certain result; but it need not find a conclusion which the law affixes to the facts found.

LANDLORD AND TENANT.—*Contract.*—*Growing Crops.*—*Ownership.*—*Possession.*—*Special Finding.*—*Verdict.*—*Conclusions of Law.*—It was found that A. planted a field of wheat under a written contract, which was set out. This contract gave A. possession of the crop, required him to harvest and thresh it, and deliver one-half of it to the landlord, and in express terms provided that each should own one-half.

*Held,* that these facts compelled the conclusion, as one of law; that A. was owner of half the wheat, and, therefore, the verdict, which did not find such ownership in terms, was not defective.

CONVERSION.—*Evidence.*—The exercise of dominion over the goods of another, and excluding him therefrom, in defiance of his rights, constitute in law a conversion, and not merely evidence of it.

From the Elkhart Circuit Court.

*J. M. Vanfleet* and *E. C. Bickel,* for appellant.

*J. H. Baker* and *J. A. S. Mitchell,* for appellee.

MORRIS, C.—The appellee brought this suit against the appellant. The complaint contains two paragraphs.

The first paragraph of the complaint states that the appellee was, on the 1st day of July, 1879, the owner of the undivided one-half of thirty acres of wheat then growing upon certain real estate in Elkhart county, Indiana; that, being the owner of said wheat, he undertook to enter upon said real estate, then in possession of the appellant, to harvest the same, he having planted said wheat as a tenant; that the appellant unlawfully and forcibly excluded the appellee from the land on which the same was growing, and took and converted the wheat to his own use.

The second paragraph of the complaint states that the appellee was the owner of 200 bushels of wheat, and entitled to the possession of the same, of the value of $300, then in the possession of the appellant; that on the 21st day of Novem-

ber, 1879, the appellee demanded the possession of said wheat, but the appellant refused to surrender said wheat, and has since converted it to his own use, to the damage of the appellee in the sum of $300. Wherefore he sues, etc.

The appellant appeared and answered the complaint by a general denial.

The cause was submitted to a jury for trial, who returned a special verdict as follows: " We, the jury, find the following special verdict:

"*First.* We find that on the 11th day of January, 1878, Louisa J. Chapman was the owner of a farm known as the 'Alcorn farm,' described in the first paragraph of the complaint.

"*Second.* We further find that on the 1st day of January, 1878, the plaintiff took possession of said farm, under a contract made with Henry T. Chapman, the husband of said Louisa J., which contract was afterwards, in pursuance of the agreement then made, reduced to writing and signed, on the 15th day of April, 1878, a correct copy of which is made a part of this finding, and hereto attached, marked 'A.'

"*Third.* We further find that while said Stockdale was in possession of said farm, under said contract, he sowed about eighteen acres of land on said farm in wheat.

"*Fourth.* We further find that on the — day of ——, 1878, said Louisa J. Chapman and her husband joined in a conveyance of said farm by deed of general warranty, in the statutory form, to Mrs. Gordon, wife of defendant, said deed containing no reservation of said wheat to the grantors or either of them, said Chapman and wife having sold to said Mrs. Gordon all their right and title to said farm, and to the crops growing thereon, and sold or undertook to sell Stockdale's share of said wheat to said Gordon, the defendant and the said Mrs. Gordon both having knowledge of the plaintiff's possession and contract.

"*Fifth.* We find that when said wheat was ripe and fit to harvest, the plaintiff, Stockdale, went on to said farm and de-

manded of the defendant the right to harvest and thresh the same, but that the defendant had taken possession of said wheat and excluded the plaintiff therefrom, and refused to permit him to harvest and thresh the same, and that said defendant, without the consent of the plaintiff, took possession of, harvested and threshed said wheat, said crop yielding 333 bushels, all of which the defendant took into his possession and has ever since held and now has.

"*Sixth.* We further find that before the beginning of this suit, to wit, on the 21st day of November, 1879, the plaintiff again demanded of the defendant his (plaintiff's) share of said wheat, which the defendant refused.

"*Seventh.* We further find that said wheat was worth, in market, on the day it was last demanded, $1.30 per bushel.

"*Eighth.* We further find that the plaintiff, Stockdale, was not in any manner indebted to the defendant, Gordon, or his wife, Mrs. Gordon, at the time said Gordon took possession of said wheat, nor at the time of the commencement of this suit, nor when said wheat was demanded.

"*Ninth.* We further find that the plaintiff, Stockdale, is not in any manner indebted to H. P. Chapman under said contract, or to his wife, Louisa J. Chapman, and was not when said wheat was taken into the possession of the said defendant, nor when the same was demanded of him, nor at the commencement of this suit.

"On the foregoing facts, if the law be with the plaintiff, we find for the plaintiff in the sum of $216.45, and assess his damages at $15; and if the law be with the defendant we find for the defendant."

The copy of the agreement attached to the verdict is as follows:

"Memorandum of an agreement made this 18th day of April, 1878, between Henry P. Chapman, first party, and Thomas J. Stockdale, second party, all of Elkhart county, State of Indiana, for the purpose of carrying on a farm and

dairy business, on the farm known as the 'Alcorn farm'; said first party furnishes the farm and the expense of any new improvement, such as new fences, etc., which may become necessary; also, furnishes one team, wagon, all heavy farming implements, such as plows, harness, etc., and one-half the cows kept on the farm for dairy purposes; the said second party furnishes one-half the cows required to supply the demand for milk for dairy purposes, one team and wagon for selling milk, all the articles necessary to be used in taking care of and selling the dairy products, and all the small tools and implements for carrying on the farm, such as hoes, rakes, forks, etc., etc. Said second party further agrees to carry on said business at his own expense, and to do all seasonably and in a farmer-like manner; to keep an accurate account of milk and vegetable sales, with names of customers, and report the same as often as once a month to said first party, and at the same time pay over to said first party one-half the proceeds of the same. Said second party further agrees to keep up all repairs of fences and improvements, and other repairs about the place. All feed purchased for the dairy cows to be paid for out of the undivided proceeds of the milk sales. All other stock to be fed out of undivided crops raised on the farm. All the crops and products of the farm, including fruit and vegetables, to belong one-half to each party thereto. And said second party agrees to deliver the share of said first party to him, either in the city of Elkhart, or in a proper place on the farm, as said first party may desire. It is further agreed that said first party shall have a lien on all said second party's share of said crops and products for the security of his full claim on the proceeds of said business, and that said first party shall be entitled to the possession of the buildings and the lands not in crops, any time after October the 25th, 1878, at his option; and that, in case said second party shall fail or neglect to fulfil his part of this contract, said first party may at any time take possession of all the property belonging to him, and

take and collect all outstanding milk accounts, accounting to said second party for one-half of the proceeds.

"H. P. CHAPMAN.

"T. J. STOCKDALE."

The plaintiff below remitted $15, the damages found in his favor, and moved the court for judgment upon the verdict. The appellant, as the record states, interposed a motion for judgment in his favor. The court, without further notice of the appellant's motion, rendered judgment in favor of the appellee for $216.45 and costs; to which the appellant excepted. This is the only exception in the record, and the rendering of judgment for the appellee is properly assigned as error.

The appellant insists that the verdict does not find that appellee was the owner of the wheat in controversy, as alleged in the complaint. The appellee contends that the verdict finds facts from which the conclusion of ownership necessarily follows as matter of law.

The jury do not find directly and in so many words, that the wheat belonged to the appellee, but they do find that he sowed the wheat as tenant, under a contract which gave the one-half of it to him, and the right to the possession of the whole of it for the purpose of harvesting, threshing and dividing it.

It is not claimed by the appellant in argument that the contract between the appellee and Henry P. Chapman was not made with the consent of Mrs. Chapman; but, as claimed by the appellee, it seems to be conceded that the contract was valid and binding upon her, and upon the parties to it. Assuming, in view of this concession on the part of the appellant, that Henry P. Chapman was authorized by Mrs. Chapman to make the contract returned with and as a part of the verdict, we think it quite clear that the facts found show that the appellee was the owner of one-half the wheat growing on the "Alcorn farm," and entitled to the possession of the whole of it until harvested and threshed. The contract gave him the right to harvest and thresh the wheat, and by its express

terms he was the owner of one-half of it. The conclusion of law upon the facts thus found is, that the appellee owned one-half the wheat, and was entitled to the possession of the whole of it for the purpose of harvesting, threshing and dividing it. The appellant says that the ownership is not found otherwise than by inference. That may be true; but the inference is a legal conclusion which results irresistibly from the facts found.

It is also argued by the appellant that the contract made Chapman and the appellant partners. The contract, as to the wheat, provides otherwise. It expressly declares that each shall own one-half the wheat.

It is also contended by the appellant that the jury have not found a conversion of the wheat by him; that they have only found facts which operate as evidence of a conversion; that a demand and refusal are evidence of conversion, but not conclusive of the fact of conversion. This is true, and had the jury found nothing more than this, the judgment could not be justified. *Locke* v. *Merchants Nat. Bank*, 66 Ind. 353. But the jury also found that the defendant took possession of the growing wheat, excluded the appellee from it, harvested and threshed it, and refused to deliver any part of it, upon demand, to the appellee. The acts amounted to a conversion of the wheat, and not merely to evidence of a conversion of it. Taking possession of the wheat and cutting and threshing it were acts of dominion wrongfully exerted over the property in dispute, in defiance of the rights of the appellee, and amounted to a conversion of it. If, as the verdict finds, the appellant exercised dominion over the wheat, in exclusion or in defiance of the appellee's rights, this, in law, was a conversion. Cooley Torts, 448; *Thompson* v. *Currier*, 24 N. H. 237; *Shaw* v. *Peckett*, 25 Vt. 423. We think there is no error in the record.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be affirmed, at the costs of the appellant.