Boyer *v.* Robertson *et al.*

Filed April 21, 1896.

No. 17,890.

BOYER *v.* ROBERTSON ET AL.

SPECIAL VERDICT.—*Defective.—Venire de Novo.—Evidentiary Facts.*—A special verdict, which finds the evidentiary facts in place of the inferential facts pleaded, on which such evidentiary facts are based, is insufficient as a basis for judgment, although the evidentiary facts found are sufficient to justify a finding of such inferential facts, and a trial *de novo* should be granted.

SAME.—*Recovery.—Burden of Issue.—Essential Facts.*—The party having the burden of the issue cannot recover, unless the special verdict finds all the facts essential to a recovery.

SAME.—*Evidentiary Facts.—Presumption.*—If the jury simply find the evidence of facts essential to a recovery instead of the facts themselves, the presumption which arises on a failure to find essential facts does not obtain; but the verdict is defective and a *venire de novo* should be granted.

From the Carroll Circuit Court.

*L. D. Boyd, Odell & Pruitt* and *W. Ballou,* for appellant.

*C. R. Pollard* and *R. C. Pollard,* for appellees.

McCabe, J.—The appellees sued the appellant to recover possession of two certain town lots and four acres of land, the complaint being in the ordinary form for the recovery of possession of real estate, except that the description of the four acres was defective.

The circuit court overruled a demurrer to the complaint. A trial of the issue formed upon the complaint resulted in a special verdict, upon which the court rendered a judgment for the plaintiffs over a motion for judgment in defendant's favor and a motion for a *venire de novo*.

The only tenable objections to the special verdict which we find are covered up in a jungle of thirty pages of appellant's type-written brief in and among a mass of irrelevant and many of them untenable propositions of law; said objections are that the special verdict finds the evidentiary facts instead of the inferential facts; and that it does not find any sufficient description of the four acres. The facts put in issue by the complaint and answer were that the plaintiffs were the owners in fee simple of the lands described in the complaint and entitled to possession, and that the defendant was in possession without right. None of these facts were found.

It was indispensably necessary that they should have been found before the plaintiffs were entitled to judgment. *Pittsburg, etc., R. W. Co.* v. *O'Brien,* 142 Ind. 218, and cases there cited.

Every single item of evidence necessary to justify a finding of the above mentioned facts in issue is contained in the special verdict. We do not mean to say that each item of such evidence was full enough, but each item was in some form set forth in the special verdict. But a special verdict must find the facts in issue and not mere evidence of them, so that the law

will irresistibly infer a certain result. *Gordon* v. *Stockdale*, 89 Ind. 240.

The evidentiary facts are merely the evidence, and if found in a special verdict cannot afford any support to a judgment. *Whitworth* v. *Ballard*, 56 Ind. 279; *Gordon* v. *Stockdale, supra; Jones* v. *Baird*, 76 Ind. 164; *Pittsburg, etc., R'y Co.* v. *Adams*, 105 Ind. 151; *Indianapolis, etc., R'y Co.* v. *Bush*, 101 Ind. 582; *Tousey* v. *Lockwood*, 30 Ind. 153; *Davis* v. *Franklin*, 25 Ind. 407; *Smith* v. *James*, 131 Ind. 131; *Locke* v. *Merchants' Nat'l Bank*, 66 Ind. 353; *Louisville, etc., R. W. Co.* v. *Miller*, 141 Ind. 533.

The party having the burden of the issue cannot have judgment unless the special verdict finds all the facts essential to a recovery. *Waymire* v. *Lank*, 121 Ind. 1; *Walkup* v. *May*, 9 Ind. App. 409. The plaintiffs had the burden, and none of the facts essential to their recovery are found in the special verdict.

The facts found not being sufficient to entitle the plaintiff to judgment, the defendant's motion for judgment in his favor should have been sustained, unless the condition of the verdict is such as to make the defendant's remedy either a motion for a *venire de novo*, or for a new trial. *Dixon* v. *Duke*, 85 Ind. 434; *O'Neal* v. *Chicago, etc., R. W. Co.*, 132 Ind. 110.

The reason of the general rule in cases where the special verdict fails to find all the facts essential to a recovery by the plaintiff or the party having the burden, that the other party is entitled to judgment, is, that nothing appearing in the verdict to the contrary, the presumption is that the fact or facts not found, were not so found because they were not proven, and hence the verdict in such case is not defective. *Wilson* v. *Hamilton*, 75 Ind. 71; *Johnson* v. *Putnam*, 95 Ind. 57; *Spraker* v. *Armstrong*, 79 Ind. 577; *Deeter*

v. *Sellers*, 102 Ind. 458; *Louisville, etc., R. W. Co.* v. *Buck, Admr.*, 116 Ind. 566 (2 L. R. A. 520); *Indiana, etc., R. W. Co.* v. *Finnell*, 116 Ind. 414; *Citizens' Bank* v. *Bolen*, 121 Ind. 301.

Such a verdict usually is not defective because there being a failure to find facts, the burden of which, under the issues, rested on the plaintiff, is deemed equivalent to a finding against the plaintiff as to the existence of those facts, and an express finding against the plaintiff on any or all of the issues is not a defective finding or verdict. *Ex parte Walls*, 73 Ind. 95; *Williams* v. *Osbon*, 75 Ind. 280; *Parker* v. *Hubble*, 75 Ind. 580; *Stumph* v. *Bauer*, 76 Ind. 157; *Henderson* v. *Dickey*, 76 Ind. 264; *McLaughlin* v. *Ward*, 77 Ind. 383; *Studabaker* v. *Langard*, 79 Ind. 320; *Spraker* v. *Armstrong, supra; Talburt* v. *Berkshire Life Ins. Co.*, 80 Ind. 434; *Ayers* v. *Adams*, 82 Ind. 109; *Dixon* v. *Duke, supra; City of Elkhart* v. *Wickwire*, 87 Ind. 77; *Nitche* v. *Earle*, 88 Ind. 375; *Hunt* v. *Blanton*, 89 Ind. 38: *First Nat'l Bank* v. *Carter*, 89 Ind. 317; *Davis* v. *Watts*, 90 Ind. 372; *Johnson* v. *Ramsay*, 91 Ind. 189; *Dodge* v. *Pope*, 93 Ind. 480; *Vinton* v. *Baldwin*, 95 Ind. 433; *Griffin* v. *Rochester*, 96 Ind. 545; *Yerkes* v. *Sabin*, 97 Ind. 141; *Trittipo* v. *Morgan*, 99 Ind. 269; *Krug* v. *Davis*, 101 Ind. 75; *Parmater* v. *State, ex rel.*, 102 Ind. 90; *Rice* v. *City of Evansville*, 108 Ind. 7; *Stix* v. *Sadler*, 109 Ind. 254; *Brown* v. *Jones*, 113 Ind. 46; *Indiana, etc., R. W. Co.* v. *Barnhart*, 115 Ind. 399; *Noblesville Gas, etc., Co.* v. *Loehr*, 124 Ind. 79; *Town of Freedom* v. *Norris*, 128 Ind. 377; *Reddick* v. *Keesling*, 129 Ind. 128; *Town of Fowler* v. *Linquist*, 138 Ind. 566.

But that is the rule only where there is nothing in the verdict to the contrary.

Where, however, the verdict shows that the jury

have found the evidentiary facts instead of the inferential facts; that they have found the evidence instead of the facts in issue, it cannot be said that a presumption arises that the facts in issue were not proven. Because, as the verdict shows in this case, they have found evidentiary facts enough to establish the inferential facts alleged in the complaint. Such a verdict shows that the facts in issue were proven but not found. Such a special verdict is therefore ill and defective. *Locke* v. *Merchants Nat'l Bank, supra; Louisville, etc., R. W. Co.* v. *Miller, supra.* We are of opinion, therefore, that the circuit court erred in overruling the motion for a *venire de novo.*

The judgment is reversed and the cause remanded, with instructions to sustain the appellant's motion for a *venire de novo.*

Filed April 22, 1896.