TRUSTEES OF THE CHRISTIAN CHURCH OF BLUFFTON, INDIANA, *v.* SHOEMAKER'S ESTATE.

[No. 2,525.   Filed May 25, 1898.]

SPECIAL FINDING.—*Sufficiency.*—A special finding must find the facts and not mere matters of evidence. *p. 321.*

SAME.— *Venire De Novo.* — Where a special finding is defective in failing to find the material facts in issue the proper remedy is a motion for a *venire de novo. pp. 321, 322.*

From the Wells Circuit Court.   *Reversed.*

*Levi Mock, John Mock* and *George Mock,* for appellant.

*Joseph S. Dailey, Abram Simmons* and *Frank C. Dailey,* for appellee.

COMSTOCK, J.—This is an action by the appellants against the estate of John Shoemaker, deceased, tried in the court below upon a complaint to recover $190.00, in which amount, it is alleged, said estate is indebted to plaintiffs "for money had and received by said decedent for the plaintiffs," which money, it is alleged, was "received by said decedent as the trust fund of plaintiffs as trustees of said church." The cause was submitted to the court, and upon proper request, a special finding of facts was made and conclusions of law stated thereon, and judgment rendered in favor of appellee for costs.

Various errors are assigned, but we deem it only necessary to pass upon the second assignment, viz: That the court erred in overruling appellants' motion for a *venire de novo.* The reasons set out in the motion are, "(1) The special finding of the court is so defective, uncertain, and ambiguous that no judgment can be rendered thereon; (2) the said special findings do not assess plaintiff's damages; (3) they contain the evidence, and not the facts established by the evidence; (4) they do not state whether or not the defendant is indebted to the plaintiffs."

We set out the thirteenth, fourteenth, fifteenth, sixteenth, and seventeenth findings, viz: (13) "That on the 3rd day of October, 1888, John S. Shoemaker, John W. Wandel and John Albertson, under the name of 'Trustees of the Christian Church of Bluffton, Wells County, Indiana,' conveyed by warranty deed to Abram Mast, *et al.,* and their successors in office, of the Reformed Church in Bluffton, Wells county, Indiana, for the sum of $900, a part of their real estate situate in Bluffton, Wells county, Indiana. (14) That the grantee, as a part consideration, assumed the payment of the mortgage thereon, in favor of John Stude-

baker, amounting to the sum of $477.07; that two notes were executed for the residue of said purchase money, which notes were afterwards paid to John Albertson, treasurer of said church organization. (15) That in the year 1884, John Shoemaker had become indebted to John Albertson in the sum of $50.00, and in the year 1890 or 1891 said John Shoemaker directed the said John Albertson to take from said fund so received by said Albertson, as treasurer of said church organization, and pay him, the said Albertson, said indebtedness, which the said Albertson did. (16) That on different occasions from 1888 up to December, 1896, the said John Shoemaker told the said John Albertson that he, the said John Shoemaker, had $190.00 of the money of said church organization in his hands, and was ready to turn the same over to said church organization whenever the same was needed by said church organization. (17) That no demand was ever made on the said John Shoemaker for said money; that said John Shoemaker never paid said money mentioned in finding No. ...., nor any part thereof, nor ever accounted for the same in any way." These are the only findings in reference to, or in any way calculated to throw light upon the question of the alleged indebtedness of the said Shoemaker during his lifetime to appellants.

The sixteenth finding is clearly of evidentiary and not ultimate facts. It is well settled that a special finding like a special verdict, must find the facts and not mere matters of evidence. *State, ex rel.* v. *Griffin,* 16 Ind. App. 555; *Perkins* v. *Hayward,* 124 Ind. 450, and the authorities there cited. The court does not find that the decedent was or was not indebted to appellants. The special findings are clearly defective, under the issues, and in moving for a *venire de novo,* ap-

pellants asked for the proper remedy.    *Ferris* v. *Udell*, 139 Ind. 593, and authorities there cited.

The case is not one where the special finding is silent as to one or more material facts in issue, in which case it is presumed that the issuable facts upon which the finding is silent are not proved, but is one in which the findings are defective.    We express no opinion as to the conclusions of law.    Judgment reversed, with instructions to sustain the motion for a *venire de novo.*