Geiger *v.* Town of Churubusco—50 Ind. App. 685.

---

# GEIGER ET AL. *v.* TOWN OF CHURUBUSCO ET AL.

[No. 7,878. Filed April 5, 1912. Rehearing denied June 18, 1912.]

1. TRIAL.—*Findings.—Sufficiency.—Venire De Novo.*—In an action to enjoin the emptying of sanitary sewage into an open ditch, where the court found that the use of the sewer did not cause overflows on the lands of the plaintiffs, that the flow of waters in the ditch was sufficient to dilute the filth and dirt so as to prevent it from producing an unhealthful condition along its

course, and that the evidence failed to show that the property of the plaintiffs was damaged or reduced in value, was sufficiently definite to support a judgment, and a motion for *venire de novo* was properly overruled.    pp. 687, 690.

2.  TRIAL.—*Findings.*—*Venire De Novo.*—A *venire de novo* should not be granted unless the finding is so defective or uncertain on its face that it is incapable of supporting any conclusion of law, or of forming the basis of any judgment on the issue involved. p. 690.

3.  DRAINS.—*Use.*—*Right to Use Surface Drain for Sanitary Sewage.*—*Municipal Corporations.*—A city that has been assessed for the construction of a public ditch for the drainage of surface water, has, by virtue of such assessment, the right to drain the surface water from its streets and alleys into and through the same, but does not have the right to use such ditch as an outlet for sanitary sewage from buildings located on private lots not assessed.    p. 690.

4.  INJUNCTION.—*Grounds.*—*Improper Use of Drain by Municipal Corporation.*—Where a city was entitled to use a public ditch for the drainage of the surface water from its streets and alleys, its wrongful use thereof as an outlet for sanitary sewage will not be enjoined, where it does not appear that any of the plaintiffs have suffered, or will suffer any serious loss or inconvenience by reason of such use for which there is no adequate remedy at law. p. 691.

5.  APPEAL.—*Review.*—*Findings.*—*Evidence.*—If a finding of the trial court is supported by some evidence, although conflicting, it cannot be disturbed on appeal.    p. 692.

From Whitley Circuit Court; *Luke H. Wrigley,* Judge.

Action by Edward Geiger and others against the Town of Churubusco and others.    From a judgment for defendants, the plaintiffs appeal.    *Affirmed.*

*Gates & Whiteleather, Leonard & Townsend,* for appellants.

*W. F. McNagny* and *E. K. Strong,* for appellees.

LAIRY, J.—This action was brought in the Whitley Circuit Court by appellants to restrain the town of Churubusco and the contractors from constructing a storm and sanitary sewer within the town of Churubusco, and connecting the same with an open ditch outside of the corporate limits.

The material facts as found by the court show that in 1903 the board of county commissioners, on a petition, constructed an open drain, commencing near the eastern boundary of the town, thence running in a southeasterly direction and connecting with a drain or ditch across the county line in Allen county, and finally terminating in a small creek known as Grass creek. From the point where the open ditch commenced, the commissioners, in pursuance of the same petition and as a part of the same ditch, which is known as the Tope ditch, constructed two twenty-inch tile branches, one running in a southeasterly direction and the other in a southwesterly direction across the town limits and into the town.

Appellants Geiger and Smith each owned about two acres of land just east of the town limits, through which one of the branches of the tiled portion of the ditch in question passed, and appellant Duglay was the owner of about seven acres of land lying outside of the town limits, through which the open portion of the main line of the ditch extended. The lands owned by each of the appellants were assessed in small amounts for the cost of constructing this ditch, and the town of Churubusco, in its corporate capacity, was assessed over $1,300 of such cost on account of benefits to its streets and alleys. Prior to the construction of this ditch, the town had constructed tile drains, for the purpose of draining the surface-water from its streets and alleys, and after this time numerous other drains were made for a like purpose, and connected with the tile in the Tope ditch. In the year 1907 the town constructed a sewer extending along Main street, called the South Main street sewer, which connected with a branch of the Tope ditch, and was used to some extent for carrying sanitary sewage. The court also finds that before the construction of the Main street sewer, the open portion of the Tope ditch became obstructed just below the terminus of the tile, and it so remained until August 1, 1909, at which

time the obstruction was removed. During the time said ditch was so obstructed, the water was forced out of the tile drains in times of heavy rains, and overflowed the lands of Geiger and Smith, but since the removal of such obstruction no such overflow had occurred, although there had been heavy rainfalls since such removal. In times of heavy rains the water in the Tope ditch overflowed the channel, and spread out over said Duglay's land, and after the subsidence of such overflow a deposit, caused to some extent by the sanitary sewage, was left on the land so submerged, which deposit produced a strong and disagreeable odor for two or three days. East of the town and near the Tope ditch there is maintained a dumping ground, on which there is at all times a large quantity of decaying matter; and the water which flows off of said dumping ground in time of heavy rains runs down into the Tope ditch, and contributes in a material degree to such impurity as exists in the water which flows therein. Also the dirt and manure washed off the streets of the town, together with the filth from a barnyard on said Duglay's farm, are carried by surface-water down into said ditch, and contribute to the existing impurities of the water in such ditch. There is now, and for some time has been at all ordinary times, a constant flow of water one or two inches deep through the Tope ditch from its commencement to its terminus, which flow arises from the fact that such ditch and channel receives and carries off the overflow of water from the water-works plant in said town. Such flow is sufficient so to dilute the filth and dirt that have come down said ditch as to prevent it from producing offensive or unhealthy conditions along its course. In the year in which this action was commenced, the board of trustees of said town, acting under the statutes authorizing the construction of sewers by incorporated towns, adopted resolutions providing for the construction of a storm and sanitary sewer along West Whitley street, to connect with one of the

branches of the Tope ditch, and let the contract for the construction of the same. The sewer was to be constructed with a twelve- and fifteen-inch sewer tile and was to be used for surface drainage, and as an outlet for the sewage from eight or ten water-closets located in a school building attended by about two hundred pupils. It was also the purpose of the town to allow such of the citizens living along Whitley street, as desired to·do so, to use said sewer for sanitary purposes. There is in force a duly-enacted ordinance of the town, authorizing the marshal thereof to grant to such of the citizens of said town as may desire the same, permits to tap the sewers of said town for the purpose of sanitary sewage. The court also finds "that the evidence fails to show, by a fair preponderance thereof, that any noisome, unhealthy or offensive conditions will, at ordinary times, be produced at any point between said town and said Grass Creek by the additional sanitary sewage which is likely to be carried into said ditch from said town at any time in the near future. That the evidence fails to show by a fair preponderance thereof, that any public or private nuisance has to this time been, or in the near future will be, produced at any point along said ditch and channel, either upon said Duglay farm in Allen County, Indiana, or elsewhere, by the flow of sanitary sewage from said town through said ditch and channel and also fails to show by a fair preponderance thereof, that any danger to the public health, or to the health of said Duglay or his family, or the other plaintiffs, or any other person, has been or in the near future will be, produced or created by the flow of sanitary sewage from said town through said ditch and channel. That the evidence fails to show, by a fair preponderance thereof, that said Duglay, or his said farm, or the other plaintiffs, or any of their property, in the past have been, or in the near future will be, injured or damaged by any of the acts, done or in the future to be done, of the defendants or either

of them, and that the evidence fails to show, by a fair preponderance thereof, that the value of said Duglay's said farm, or any other property of his, or the value of any property of said Geiger and Smith, or either of them, has been, or will be, reduced by any such act.''

As its conclusions of law the court found that appellants take nothing by their suit, and that the appellees recover their costs.

The action of the trial court in overruling appellants' motion for a *venire de novo* is the first error relied on for reversal.

A *venire de novo* should not be granted unless the finding is so defective or uncertain on its face that it is incapable of supporting any conclusion of law, or of forming

2.    the basis of any judgment on the issues involved. *Trustees, etc.,* v. *Shoemaker's Estate* (1898), 20 Ind. App. 319, 50 N. E. 594; *Bartley* v. *Phillips* (1888), 114 Ind. 189, 16 N. E. 508; *Waterbury* v. *Miller* (1895), 13 Ind. App. 197, 41 N. E. 383; *Graham* v. *State, ex rel.* (1879), 66 Ind. 386.

The finding in this case is not a model, but it is not

1.    so indefinite or uncertain as to be incapable of supporting any judgment.   There was no error in overruling this motion.

Appellants moved the court for judgment in their favor on the special findings, which motion was overruled, and

this ruling is assigned as error.   It is claimed on

3.    behalf of appellants that the special finding states facts showing that the town of Churubusco had no right to drain the sewage from the water-closets in its school building into the sewer, and had no right to permit the occupants of private lots in the town to make connections with such sewer for sanitary sewage.   It appears from the facts specially found that the Tope ditch, with which the sewer in question was to be connected, had been constructed under

the drainage laws of the State, from assessments on the property benefited. The town was assessed as a municipality, and by virtue of such assessment had the right to drain the surface-water from its streets and alleys and public grounds into and through such ditch, but it did not have the right by virtue of such assessment to use said ditch as an outlet for sanitary sewage from buildings located on private lots not assessed. If such use has the effect of impairing the usefulness of the ditch, for the purposes for which

4. it was constructed, or if it materially injures or damages the property of others assessed for the construction of such ditch, or if it injuriously affects the health of the owners or occupants of lands so assessed, or essentially interferes with their comfortable enjoyment of such lands, or if the contemplated use for such purpose will have such effect, then the use of said ditch as an outlet for sanitary sewage may be properly enjoined. The court will not interfere by injunction to restrain every act which is wrongful or unlawful. Before this remedy can be invoked successfully, it must appear that the person seeking said remedy is about to suffer some substantial injury, for which there is no adequate remedy at law.

The special finding of facts fails to show that plaintiffs or any one of them has suffered, or is about to suffer any such serious loss or inconvenience as would justify the court in granting an injunction. The burden of proof as to such facts rested on the plaintiffs, and a failure to find them is a finding against the plaintiffs as to such facts. *Spraker* v. *Armstrong* (1881), 79 Ind. 577; *Vannoy* v. *Duprez* (1880), 72 Ind. 26. The facts specially found by the court are not sufficient to warrant a judgment in favor of appellants, and the court committed no error in overruling this motion.

By the motion for a new trial, the sufficiency of the evidence to sustain the finding is called in question. We have examined the evidence in the case, and especially that part in

reference to the loss and injury which has resulted or
5.   is likely to result to appellants on account of the use,
and contemplated use, of the ditch as an outlet
for sanitary sewage.   There is some conflict in the evidence
on this question, but the trial court considered and weighed
this evidence, and found against appellants on this question,
and there is evidence to sustain the finding.   We cannot re-
verse the judgment on the evidence.

Judgment affirmed.

Adams, J., not participating.

NOTE.—Reported in 98 N. E. 77.   See, also, under (1) 38 Cyc.
1990;  (3) 22 Cyc. 769;  (4) 3 Cyc. 360.   As to injunction and abate-
ment in  a case based on what must prove a nuisance, see 118 Am.
St. 878.