## CARNAHAN *v.* SHULL ET AL.

[No. 8,007. Filed June 19, 1913. Rehearing denied November 13, 1913. Transfer denied January 13, 1914.]

1. TRIAL.—*Findings.—Sufficiency.—Venire de Novo.*—If a finding of facts contains enough substance to support a judgment it will not be objectionable because it does not find all the issuable facts, and a *venire de novo* should not be granted unless the finding is so defective or uncertain on its face that it is incapable of supporting any conclusion of law or forming the basis of any judgment on the issues involved. p. 351.

2. TRIAL.— *Burden of Proof.— Findings.— Sufficiency.*— In an action against a husband and wife to foreclose a mortgage signed by both, where the note secured thereby was signed by the husband only, and plaintiff, to avoid the presumption that the debt was that of the husband alone, averred that the debt was their joint debt, a failure to find that the note and mortgage represented the *joint debt of defendants,* was equivalent to a finding of such fact against the plaintiff, who had the burden of proving the material allegations of his complaint, so that the findings, though defective, were sufficient to prevent a judgment against the wife. p. 352.

3. TRIAL.—*Conclusions of Law.—Exceptions.*—Exceptions to conclusions of law concede, for the purposes of the exceptions, that the facts are fully and correctly found. p. 352.

From Dekalb Circuit Court; *Frank M. Powers,* Judge.

Action by Perry Carnahan against Thomas Shull and another. From the judgment rendered, the plaintiff appeals. *Affirmed.*

*P. V. Hoffman,* for appellant.
*Mountz & Brinkerhoff* and *D. D. Moody,* for appellees.

FELT, J.—Appellees, husband and wife, owned twenty-five acres of land, as tenants by entirety, and executed a mortgage on the same to secure two notes, each for $150, executed by appellee, Thomas Shull, to appellant. Appellant

brought suit on the notes and to foreclose his mortgage. The complaint in addition to the usual averments in such suits charged that the notes were given for the price of two horses sold by appellant to the appellees jointly; that appellee, Florence Shull, agreed to execute the notes and mortgage with her husband, but only executed the mortgage and did not sign the notes; that the notes and mortgage were delivered to appellant but he did not observe that she had failed to sign the notes. The complaint was answered by a general denial and two paragraphs of special answer, in one of which it was alleged that the land was owned by appellees as tenants by entireties and that the mortgage was executed to secure the separate debt of the husband. In the other, it was alleged in substance that the notes were given in payment for two horses bought by Thomas Shull and that Florence Shull, his wife, executed the mortgage as his surety. The reply was a general denial.

The appellant has assigned as error the overruling of his motion for a *venire de novo* and that the court erred in each conclusion of law. Upon request, the court made a special finding of facts, the substance of which is as follows: That appellees are, and on March 16, 1909, were husband and wife; that on said day they were the owners by entireties of the real estate described in the mortgage; that appellee, Florence Shull, agreed to execute two notes each for $150 in payment for two horses purchased from appellant, and secured the same by mortgage on the real estate; that on said day appellees executed the mortgage but the notes were signed only by Thomas Shull; that appellee Thomas Shull delivered the notes and mortgage to appellant and requested him to examine the same but he did not do so but turned them over to his wife with a request that she examine them; that appellee Florence Shull was not present when the notes and mortgage were delivered and the horses turned over to her husband; that in the preparation and delivery of the instruments and in the purchase of the team, Thomas Shull

did not act as the agent of his wife and was not authorized so to do; that Florence Shull, when she executed the mortgage, did not intend to purchase the team either individually or jointly with her husband or to obligate herself to pay therefor, and only signed the mortgage as the wife of her husband; that she never at any time claimed to own the horses or to have any interest in them except as the wife of her husband and appellant never requested her to execute other or different notes from those delivered to him. The court stated as conclusions of law that the debt evidenced by the notes and mortgage is and was the debt of Thomas Shull and that the appellee Florence Shull was surety; that the mortgage is illegal and void; that appellant is entitled to a personal judgment against Thomas Shull for $373.73 and $40 attorney's fees. Judgment was rendered accordingly.

Appellant insists that his motion for a *venire de novo* should have been sustained for the alleged reason that the finding states only items of evidence and legal conclusions and fails to find the ultimate issuable facts;

1. that the finding does not state the ultimate fact as to who purchased the horses and as to whether Florence Shull was surety for her husband. If a finding of facts contains substance enough to support a judgment one way or the other, it will not be objectionable because it does not find all the issuable facts. *Maxwell* v. *Wright* (1903), 160 Ind. 515, 520, 67 N. E. 267. In the recent case of *Geiger* v. *Town of Churubusco* (1912), 50 Ind. App. 685, 98 N. E. 77, this court said: "A *venire de novo* should not be granted unless the finding is so defective or uncertain on its face that it is incapable of supporting any conclusion of law or forming the basis of any judgment on the issues involved."

In this case, we are not called upon to decide whether the mortgage upon the land held by appellees as tenants by entireties would be a valid security for a joint debt of the husband and wife, for the reason that the finding of facts shows that the notes were executed only by the husband;

that the horses were bought by him, and his wife did not purchase them in her individual capacity or jointly with him, or claim any interest in them.

It is fundamental that a plaintiff must prove the material averments of his complaint. The notes sued on evidence only a debt of the husband. To avoid the presumption that the debt was that of the husband, appellant averred that the horses were sold to appellees jointly and that the debt was their joint obligation. The finding is against appellant on this issue and even if it be true as claimed, that the finding is defective and fails to find the ultimate and issuable facts, still upon this issue the result would be the same, for in the absence of a finding that the notes and mortgage evidence the joint debt of appellees, the appellant cannot succeed against the wife, for the failure to find a material fact is the equivalent of finding such fact against the party having the burden of proving the same. *Mug* v. *Ostendorf* (1911), 49 Ind. App. 71, 96 N. E. 780; *Maxwell* v. *Wright, supra,* 520. It follows that the finding of facts, though by no means commendable in form, is sufficient to support the judgment rendered. The appellant failed because he did not prove the material averments of his complaint. This is apparent from the finding of facts, and the exceptions to the conclusions of law concede for the purposes of the exceptions, that the facts are fully and correctly found. *National State Bank* v. *Sanford Fork, etc., Co.* (1901), 157 Ind. 10, 15, 60 N. E. 699; *City of Indianapolis* v. *Board, etc.* (1902), 28 Ind. App. 319, 323, 62 N. E. 715. It is apparent therefore that the court did not err in overruling the motion for a *venire de novo* or in stating its conclusions of law.

Judgment affirmed.

NOTE.—Reported in 102 N. E. 144. For a discussion of an estate by entirety as subject to the claims of creditors of one spouse, see 12 Ann. Cas. 53; Ann. Cas. 1912 C 1242. See, also, under (1) 38 Cyc. 1966; (2) 38 Cyc. 1985; (3) 38 Cyc. 1992.