<hr />

## BENEDICT *v.* BUSHNELL.

[No. 9,606.    Filed October 11, 1917.]

1.  ADVERSE POSSESSION.—*Elements.*—*Burden of Proof.*—To support a claim of title by adverse possession, the possession must be hostile under a claim of right, actual, open and notorious, exclusive and continuous, and, in an action to quiet title predicating ownership on adverse possession, each of the elements necessary to such possession is an independent ultimate fact, the burden of showing which is on the party asserting such a title.    p. 368.

2. TRIAL.—*Special Findings.—Failure to Find.—Effect.*—In an action to quiet title predicating ownership on adverse possession, the absence of a finding of any one of the elements of possession necessary to title by adverse possession is fatal to the cause of action, since the failure to find will be construed as an adverse finding. p. 368.

3. APPEAL.—*Review.—Findings of Fact.—Evidence.—Sufficiency.* Where there is evidence to support the trial court's findings of fact, they will not be disturbed on appeal. p. 368.

From Elkhart Circuit Court; *James S. Drake,* Judge.

Action by Joseph Benedict against Grant B. Bushnell. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

James S. Dodge, for appellant.

Perry L. Turner and Willard H. Chester, for appellee.

IBACH, P. J.—This is a suit to quiet title to a certain strip of land in the city of Elkhart, Indiana, appellant (plaintiff below) basing his rights and ownership on adverse possession. Issues were formed by complaint, answer in general denial and cross-complaint by appellee asking that his title be quieted to the same real estate with answer in general denial thereto.

At request of the parties the court made a special finding of fact and stated its conclusions of law thereon, such conclusions being in favor of appellee. The court finds in substance that appellant is and has been the owner of lot No. 91 since January 12, 1889; that appellee is the owner of the north half of lot No. 87 by complete record title running back to the government, unless appellant has gained title to a strip of land eight and one-fourth feet wide off the north end of said lot by adverse possession. Said lots are bounded on the north by Maple Row street, on the west by Liberty street and on the south by Laurel street. No public alley was platted or ever existed between said lots, and they were five rods in width east and west. Prior to 1889 the

lots in question were unimproved vacant lots, without any monuments showing any boundaries. In 1890 appellant built a dwelling house on the north end of lot No. 91, and has lived there continuously ever since. From the date last mentioned to 1901 appellant planted garden on the south end of said lot No. 91, "extending on the north end of lot 87, some years planted eight feet three inches south of the south line of lot 91, and some years a part of said disputed strip of eight feet and three inches." In 1893 appellant built a sidewalk on Liberty street along the frontage of lot No. 91 and constructed said sidewalk south of the south line of lot No. 91 a distance of eight feet and three inches; that said sidewalk has remained at said place ever since that time. In 1901 appellant built a house on the south end of lot No. 91, the south line of which was between two and four feet north of the south line of lot No. 91 and graded on the south side of said house to a point four or five feet south of the south line of said house. This house has been occupied by tenants of appellant since the date of its erection to the present time. The tenants mowed the grass on the south end of lot No. 91 and also south of the south line of said lot a distance of eight feet and three inches. Twelve or thirteen years ago appellant planted fruit trees on the disputed strip, also a rose bush. A cherry tree and rose bush are still on said strip. Clothesline posts were also placed on said strip and were used by the tenants of appellant. One year the wife of the last tenant planted some flowers on the disputed strip. The last tenant has occupied the tenant house for five years. He was not informed by appellant at the time he leased the property as to the location of appellant's south line, but mowed the grass on the disputed strip each year that he occupied the premises. In June, 1911, the son of the

then owner of the record title of lot No. 87 mowed and cleaned the weeds off the disputed strip once. Taxes and special assessments were paid by the respective owners of the lots to which each held the record title. All of said acts of appellant were done without the consent of the owners of lot No. 87, and done under a claim of ownership by appellant. The owners of lot No. 87 had no actual notice of the acts done by appellant or his claim herein until the filing of the complaint.

Upon the above facts, most of which are evidentiary only, we are asked to declare as a matter of law that appellant is the owner of the disputed strip of

1.   ground by adverse possession. Title by adverse possession is established when it is shown that the possession is (1) hostile under claim of right; (2) that it is actual; (3) that it is open and notorious; (4) that it is exclusive; and (5) that it is continuous. *McBeth* v. *Wetnight* (1914), 57 Ind. App. 47, 106 N. E. 407; *Rennert* v. *Shirk* (1904), 163 Ind. 542, 72 N. E. 546; *May* v. *Dobbins* (1905), 166 Ind. 331, 77 N. E. 353; *Tolley* v. *Thomas* (1910), 46 Ind. App. 559, 93 N. E. 181. Each of the above elements was an independent ultimate fact, the burden of which was upon appellant to show. The absence of a finding of one or

2.   more of said elements was fatal to appellant's cause of action, for in such case the failure to find will be construed as a finding against him. *Webb* v. *Rhodes* (1901), 28 Ind. App. 393, 396, 61 N. E. 735; *Carnahan* v. *Shull* (1913), 55 Ind. App. 349, 102 N. E. 144; *Belshaw* v. *Chitwood* (1895), 141 Ind. 377, 40 N. E. 908.

There is no finding that appellant had exclusive possession, or that his possession was continuous for the statutory period so as to ripen his title by pre-

3.   scription. On the other hand there is ample evidence to sustain appellee's title and the court,

with all the evidence before it, having found for appellee, we cannot disturb its finding.

Judgment affirmed.

NOTE.—Reported in 117 N. E. 502. Adverse possession: hostility as essential element, 15 L. R. A. (N. S.) 1192, 2 C. J. 262, 263; color of title as an element, proof, 88 Am. St. 702.